**UNITED STATES of America,**
**Appellant,**

v.

**Sallie Joe Torbert MARLOW et al.,**
**Appellees.**

**No. 16007.**

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

---

5. Acheson v. Wohlmuth, 90 U.S.App.D.C. 375, 196 F.2d 866; Acheson v. Mariko Kuniyuke, 9 Cir., 189 F.2d 741.

Lionel Kestenbaum, Samuel D. Slade, Attys., Dept. of Justice, Washington, D. C., Geo. S. Leonard, Acting Asst. Atty. Gen., George R. Blue, U. S. Atty., New Orleans, La., for appellant.

B. B. Taylor, Jr., Baton Rouge, La., Arthur C. Reuter, New Orleans, La., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for appellee, Mrs. Sallie Joe Torbert Marlow.

Before RIVES, CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This case involves the disposition of proceeds of a National Service Life Insurance Policy issued on the life of Woodrow Wilson Marlow, who was killed January 25, 1944 while serving in the army on active duty. His wife, Sallie Joe Torbert Marlow, was the named beneficiary, and the sole issue is whether she was his lawful wife so that she could, under the law, legally be named as beneficiary under the National Service Life Insurance Act, 38 U.S.C.A. § 802(g).

The Veterans Administration denied the claim filed by the named beneficiary, Sallie Marlow, contending that her marriage to the veteran was not legal for the reason that, at the time, he had not been divorced from a former wife, Mary Rothman Wheeler. This action was thereupon brought by Sallie against the United States, which, in its answer, admitted that a judgment should be entered awarding the insurance money to the proper beneficiary, and suggested that Mary be brought in to propound her claim to the insurance money. She employed an attorney and filed an intervention claiming that she was entitled to receive all of the insurance money. Her attorney sat through the proceedings in the lower Court, but did not take any active part therein. The trial Court heard the case without a jury and adjudicated that Sallie was the lawful widow of the veteran,[1] but splitting the insurance proceeds equally between Sallie and Mary, and awarding a fee to the attorney of record for each.

The United States appealed, assigning as error the claim that the District Court erred in holding that Sallie had been validly married to the veteran and was his lawful widow; and that the Court also erred in dividing the proceeds of the National Service Life Insurance between Sallie and Mary. Mary's attorney appeared in the hearing before us, but made no argument and has filed no brief, contenting himself with a letter in effect adopting both appellant's and appellee's briefs. Sallie contends in her brief and oral argument before us that we should affirm the action of the lower Court in adjudging her to be the lawful widow and beneficiary of the veteran, and that the entire proceeds should be awarded to her.

We think the position of appellee, Sallie Marlow, is sound and that the Court below was correct in holding her to be the lawful widow and was in error in splitting the insurance money between the two contestants. No findings of fact and conclusions of law were entered, and the basis of its holding in splitting the money is, therefore, not revealed.[2] In

---

1. "It is further ordered and decreed that plaintiff, Mrs. Sallie Joe Torbert Marlow, was the legal wife, and is the legal surviving spouse and legal widow of Sergeant Woodrow Wilson Marlow * * who was killed while on active duty and in line of duty * * *"

2. Cf. United States v. Robinson, 5 Cir., 1930, 40 F.2d 14, which involved distribution of proceeds of a policy issued under the War Risk Insurance Act, 40 Stat. 400. We held that, in the absence of a permissible beneficiary, the proceeds should be paid into the estate of the insured and distributed under Louisiana Law. But such a result is not possible here inasmuch as the National Service Life Insurance Act, § 802(i) makes full provision for handling such a case.

any event, there is no support for a finding under the evidence in this record that Sallie was not the lawful wife of the veteran.

■ It appears without contradiction that the two were united in a ceremonial marriage under proper certificate on February 7, 1942. Both parties lived in California, and it is agreed that the validity of the marriage is to be determined under the law of that state. Under that law [3] and under the general law [4] such a marriage is presumed to have been legal and valid, and one asserting its invalidity bears the burden of proving such invalidity.

■ The United States contends, on behalf of Mary, that a marriage once established is presumed to continue. But this presumption is displaced by the presumption of the validity of a second marriage; and to overcome the latter presumption positive proof must be adduced to establish that the prior marriage was never dissolved by judicial decree or death.[5]

■ The testimony placed before the Court below fell far short of meeting the requirements above mentioned. It was shown that Sallie received a letter from Mary stating that she and the veteran had never been divorced, and that Sallie also received a letter from a California bureau stating that there was no record of a divorce in San Francisco.

This self-serving statement of Mary, the intervenor, and this bit of hearsay evidence, if admissible, do not have sufficient probative force to raise a serious question of the validity of Sallie's marriage sustained by such a strong presumption. Sallie's testimony showed that the veteran required that their marriage be postponed until his divorce from Mary became final; and, moreover, Mary, who alone stood in perfect position to establish whether she and the veteran had been divorced, did not testify either in person or by deposition. When a party to a civil action fails to testify and explain facts and circumstances peculiarly within his knowledge and ability to provide, the inference is justified that the testimony would be adverse, Daniel v. United States, 5 Cir., 1956, 234 F.2d 102; Anderson v. United States, 5 Cir., 1950, 185 F.2d 343; and Kent v. United States, 5 Cir., 1946, 157 F.2d 1.

■ For the reasons stated we think that appellee, as Marlow's legal wife and widow and the named beneficiary in the policy, was entitled to the insurance money and to any other benefits accruing to such a relationship.[6] The judgment is, therefore, affirmed in its holding that appellee was the lawful widow of decedent and beneficiary under the policy; and is reversed in its splitting of the insurance money with intervenor; and a judgment is entered here in favor of appellee, Sallie Joe Torbert Marlow, and against the

Moreover, it is clear, under the showing here, that Mary was not entitled to participate in the insurance fund. And cf. United States v. Leverett, 5 Cir., 1952, 197 F.2d 30.

3. Rediker v. Rediker, 1950, 35 Cal.2d 796, 221 P.2d 1, 20 A.L.R.2d 1152; Wilcox v. Wilcox, 1916, 171 Cal. 770, 155 P. 95; Freeman S. S. Co. v. Pillsbury, 9 Cir., 1949, 172 F.2d 321.

4. 35 Am.Jur., Marriage, §§ 192 and 204; 55 C.J.S., Marriage, § 43, p. 890.

5. Rediker v. Rediker, supra, and Kelsey v. Miller, 1928, 203 Cal. 61, 263 P. 200; In re Hughson's Estate, 1916, 173 Cal. 448, 160 P. 548; and Everett v. Standard Accident Ins. Co., 1920, 45 Cal.App. 332, 187 P. 996. In Marsh v. Marsh, 79 Cal.

App. 560, 250 P. 411, 414, the California District Court of Appeal stated the rule in these words:
"The presumption of continuance which ordinarily attaches when the relation of husband and wife has once been shown does not apply when the validity of a second marriage is called in question. In such instances the presumption as to the validity of the second marriage displaces the presumption as to the continuance of the first relation."

6. The complaint seeks recovery for such items as six months' gratuity pay, funeral expenses, headstone and the like, concerning which we make no adjudication as such matters are handled administratively.

United States for the full amount of the proceeds of said insurance policy, with award of attorney's fee of ten percent to appellee's attorney of record.

Reversed and rendered.