MATTER OF TO

In Visa Petition Proceedings

A-16028004

*Decided by Board May 2, 1974*

Where the Board of Immigration Appeals remanded the record for petitioner to be confronted with the material used by the district director in denying the visa petition and to be afforded an opportunity to rebut that evidence and to submit any additional evidence in support of the petition, the proper procedure for the district director thereafter was to enter a new order and make appropriate service on the interested parties so that they could be made aware of the new decision and have an opportunity to challenge it on appeal if desired.

ON BEHALF OF PETITIONER:
Jules E. Coven, Esquire
One East 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The petitioner, a permanent resident alien, filed a visa petition under section 203(a)(2) of the Immigration and Nationality Act in behalf of the beneficiary as her adopted son. The petition was supported by the affidavits of two witnesses, now residents of New York, New York, as to their knowledge of the facts. The District Director denied the petition for failure to submit satisfactory evidence that the petitioner had adopted the beneficiary. The District Director noted that in her 1963 application for an immigrant visa and in her 1969 application to file a petition for naturalization, the petitioner had not listed the beneficiary as her son and had made no mention of an adopted son. Also, the beneficary's Seaman's Discharge Book listed his next of kin as his aunt, the petitioner.

On appeal, we entered an order on September 4, 1973 remanding the record to the District Director to afford the petitioner an opportunity (1) to be confronted with the materials used by the District Director in denying the petition; (2) to rebut that evidence; and (3) to submit any additional evidence which she deemed appropriate in support of the visa petition. On remand, sworn statements were taken by a Service officer from the petitioner and

679

the beneficiary on March 11, 1974 in the presence of their attorney. In an undated memorandum, the District Director has returned the record to the Board, including the two sworn statements of March 11, 1974. The memorandum asserts that the petitioner and her attorney were given an opportunity to present additional evidence and failed to do so; that they did not submit additional documentation; and that the sworn statement failed to clarify the situation. It does not appear that a copy of the District Director's memorandum has been served on petitioner or her attorney.

When we remanded for further proccedings on September 4, 1973, we did not indicate what action the District Director should take after those further proceedings. Presumably, if he had been satisfied by the additional evidence, he would have granted the visa petition. Where, as here, the District Director concludes on remand that the evidence is still insufficient, he should enter a new order, stating his reasons, and make appropriate service on the interested parties. This procedure will enable the parties to know of his decision and the basis therefor, and to make timely appeal to this Board if aggrieved by it. As an alternative, in serving notice of his decision, the District Director may certify the record to us pursuant to 8 CFR 3.1(c). In any event, the petitioner and counsel should be made aware of the new decision and have an opportunity to challenge it on appeal.

We shall therefore remand the record to the District Director so that appropriate steps may be taken to see that proper notice of the decision is given.

ORDER: The record is remanded to the District Director for the further action indicated in the foregoing opinion.