## MATTER OF AKINOLA

### In Visa Petition Proceedings

### A-18159092

*Decided by Board June 19, 1975*

The District Director revoked his approval of visa petition classifying beneficiary as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act, on the ground that the beneficiary had a prior marriage which had not been dissolved. The beneficiary and his first wife, natives and nationals of Ghana, had been married there in 1964 according to local tribal custom. Beneficiary entered the United States as a nonimmigrant student in 1969, and was later that year joined by his first wife. He claims they were divorced in 1972, under Ghanaian customary law, at a time when neither he nor his first wife was in Ghana. He married petitioner in 1973. The proofs offered as to the termination of the first marriage were found to be insufficient. Board held that petitioner had failed to sustain the burden of proof as to termination of prior marriage, citing *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966) and 8 CFR 204.2(c)(2). Board stated that as a minimum, to establish termination of a Ghanaian tribal marriage by a tribal divorce, there must be proof of confirmation by a Ghana Court, or proof of the customary law of the pertinent Ghana tribe or group and proof of compliance with such law.

ON BEHALF OF PETITIONER: Ira Ehrlich, Esquire
21 40th Street
New York, New York 10016

In a decision dated December 11, 1974, the district director revoked approval of a visa petition classifying the beneficiary as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act. The district director revoked approval on the ground that the beneficiary had a prior marriage which has not been dissolved. The petitioner has appealed from that decision. The appeal will be dismissed.

The beneficiary is a native and citizen of Nigeria. He married his first wife in Ghana in 1964 according to local tribal custom. The beneficiary entered the United States as a nonimmigrant student in January 1969. His first wife joined him later that year. The petitioner claims that the beneficiary divorced his first wife under Ghanaian customary law on June 6, 1972. At the time, neither party was in Ghana. The petitioner married the beneficiary on October 5, 1973.

In a visa petition proceeding, the burden of proof is on the petitioner.

*Matter of Bruntigan*, 11 I. & N. Dec. 493 (BIA 1966). Under 8 CFR 204.2(c)(2), the petitioner must submit proof of the legal termination of all previous marriages of both the husband and spouse.

As evidence of the termination of the beneficiary's marriage, the petitioner has submitted affidavits from the parents of the beneficiary, the parents of his first wife, and a letter from the Consulate General of Ghana in New York. The affidavits state that the beneficiary and his first wife were divorced in June 1972 and that they are no longer husband and wife. Both affidavits are dated June 6, 1972. The letter from the Ghanaian consulate states that the dissolution of the marriage is authenticated by the affidavits of the parents.

The district director revoked approval on the ground that the divorce did not conform to the customary law of Ghana. Specifically, the district director found the purported divorce was defective because the parties had failed to confront the families, and that it had not been shown that a "severance drink" had been presented or that the family of the wife had returned the marriage gift to the family of the husband.

Counsel for the petitioner maintains that a divorce under the customary laws of Ghana is executed solely by the parents of the divorcing couples and that the other requirements alluded to by the district director are not needed to effect a divorce. Neither the petitioner nor the district director cites any legal authority for their respective positions.

We have consulted the Library of Congress which has furnished us with a memorandum, dated June 2, 1975, concerning customary divorce in Ghana, as well as copies of relevant Ghana statutes. According to the memorandum, the District Courts of Ghana have been given jurisdiction over divorces governed by customary law. Under the Courts Act, section 50(2), the court is empowered to make broad inquiry to determine the customary rule of law to be employed, since customary law will vary from place to place and tribe to tribe. Once the court is satisfied that the relevant customary law has been followed, the divorce may be granted.

The Library of Congress memorandum indicates that it is possible to effect a customary Ghanaian divorce without recourse to the courts. However, proof of such a divorce absent confirmation by a Ghanaian court, requires that the parties establish the ethnic group or tribe to which they belong, the customary divorce law of such tribe or group, and evidence that the pertinent customary laws were conformed to. Apparently, according to the memorandum, non-judicial customary divorces require the execution of certain ceremonial formalities to be effective.

The petitioner, who bears the burden of proof, has met none of the foregoing requirements. Neither a judicial decree of divorce, nor a

confirmation of a non-judicial divorce has been submitted. The petitioner has not substantiated the claim that there was a non-judicial customary divorce by submitting evidence of the customary law of divorce of the tribe to which the beneficiary or his first spouse belonged.

While we do not hold that a Ghanaian tribal or customary divorce may be established *only* by a Ghanaian Court decree, we do note that the courts of Ghana are the body best equipped to determine the validity of a customary divorce. Absent such a Court decree, or confirmation by a Ghana Court, the petitioner must submit proof of the customary law of the pertinent Ghana tribe or group and proof that such law was conformed to. See *Matter of Annang*, 14 I. & N. Dec. 502 (BIA 1973).

The result reached by the district director was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.