## MATTER OF DABAASE

In Visa Petition Proceedings

A-18375444

*Decided by Board October 1, 1976*

(1) Where, in visa petition proceedings, proof of termination of a Ghanaian customary tribal marriage by customary tribal divorce is sought by securing from a Ghanaian District Court a decree confirming the fact that the non-judicial divorce was validly obtained, the confirmation decree should be certified as a true copy by the issuing court and, in turn, by the appropriate United States embassy or consulate as a decree of the court.

(2) Where proof of such a Ghanaian customary divorce is being sought without the assistance of the Ghanaian judicial system, (A) evidence to establish the current customary divorce law of the tribe may be derived from reported cases, legal treaties and commentaries, depositions of legal scholars, and advisory opinions from those organizations traditionally recognized by the Ghanaian Government as possessing knowledge of the customary law (The Courts Act, 1971, Act 372, sec. 50(3)(ii)), and (B) evidence to establish compliance with the pertinent ceremonial procedures, consisting of affidavits from the parties and witnesses involved, must be specific rather than conclusory in nature, and the information provided in the affidavits should include, but need not be limited to, the date of the customary marriage, the ground for its dissolution, the date of the proceeding, the names and birthdates of any children born of the marriage, as well as any custody agreement reached, and a description of the tribal formalities observed.

ON BEHALF OF PETITIONER:   Pro se

The United States petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated September 12, 1973, the District Director denied the petition. Although an appeal was taken from that decision, it apparently was not forwarded to the Board. A second decision, again denying the petition, was issued by the District Director on February 18, 1976. The petitioner has appealed. The record will be remanded to the District Director.

The beneficiary is a native and citizen of Ghana. He married the petitioner on May 12, 1973, in the State of Missouri. At the time of the marriage, the petitioner was apparently unaware that her divorce from a previous husband was not yet final. After her divorce was granted on July 2, 1973, the petitioner and the beneficiary went through another

39

marriage ceremony on September 22, 1973. The validity of this second ceremony remains in doubt, however, since the petitioner has failed to prove that the beneficiary's first marriage to a Ghanaian wife had been legally dissolved.

The record indicates that in 1956 the beneficiary was married in Ghana according to his tribal custom. He has alleged that his Ghanaian wife divorced him in 1973, again according to tribal custom. The evidence submitted to establish the validity of that divorce consists of photostats of two letters which the beneficiary's brother allegedly wrote to him from Ghana. In the first letter, the beneficiary is informed of the divorce which his wife had recently secured. In the second, the beneficiary is advised to explain the procedures surrounding customary divorce to the Immigration and Naturalization Service.

In visa petition proceedings, the petitioner bears the burden of proving the beneficiary's eligibility for the immigration benefit sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). Under 8 C.F.R. 204.2(c)(2), the petitioner must submit proof of the legal termination of all previous marriages of both parties. We agree with the District Director that the undocumented opinion of the beneficiary's brother is insufficient to establish the validity of the alleged customary divorce.

In *Matter of Akinola*, Interim Decision 2400 (BIA 1975), we noted that a Ghanaian divorce, governed by customary law, may be granted by a Ghanaian District Court or may be effectuated without recourse to the courts. In contrast to the court-decreed divorce, the purely customary divorce in a traditional tribal setting is difficult to prove. Since there is no document issued for such a divorce and no system of registration, proof of its validity, of necessity, must be undertaken by the parties to the proceeding.

Perhaps the simplest method of supplying such proof involves securing from a Ghanaian District Court a decree confirming the fact that the non-judicial divorce was validly obtained. For use in immigration matters, this decree of confirmation should be certified as a true copy by the issuing court and, in turn, by the appropriate United States embassy or consulate as a decree of the court.

If the party to the tribal divorce prefers to prove the validity of the proceeding without the assistance of the Ghanaian judicial system, he must provide evidence which establishes (1) the tribe to which he belongs (2) the current customary divorce law of that tribe (3) the fact that the pertinent ceremonial procedures were followed. See *Matter of Akinola, supra; Matter of Annang*, Interim Decision 2248 (BIA 1973).

To establish the current customary law of his tribe, the party may present evidence derived from reported cases, legal treaties and commentaries, and depositions of legal scholars. The evidence could also consist of advisory opinions from those organizations traditionally rec-

ognized by the Ghanaian Government as possessing knowledge of customary law.**

Once the law has been established, it remains for the party to prove that the divorce was properly perfected. Affidavits from the parties and the witnesses involved must be specific rather than conclusory in nature. Information provided should include, but need not be limited to, the date of the customary marriage, the ground for its dissolution and the date of the proceeding, the names and birthdates of any children born of the marriage as well as any custody agreement reached, and a description of the tribal formalities observed.

We shall remand the case to the District Director to afford the petitioner an opportunity to obtain the evidence necessary to establish the beneficiary's eligibility for immediate relative status. After receipt of such evidence, the District Director should enter a new decision, stating his reasons and make appropriate service on the interested parties in accordance with *Matter of To*, Interim Decision 2283 (BIA 1974).

ORDER: The record is remanded for the action indicated in the foregoing opinion.

---

** See, The Courts Act, 1971, Act 372, section 50(3)(ii) in which the Ghanaian courts are allowed to solicit advisory opinions from a "House of Chiefs, or a Divisional or Traditional Council or other body possessing knowledge of the customary law in question." No doubt there are numerous domestic tribunals which are capable of rendering expert opinions in the area of tribal divorce.