## MATTER OF DABAASE

### In Visa Petition Proceedings

### A-18375444

*Decided by Board April 10, 1979*

The "party affected" in visa petition cases is the petitioner, and the beneficiary does not have standing to move to reopen the proceedings.

ON BEHALF OF PETITIONER: Larry Carp, Esquire
Carp & Morris
Suite 1100, Parkway Tower
225 South Meramec Avenue
St. Louis (Clayton), Missouri 63105

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is a motion to reopen visa petition proceedings. The motion will be denied because it was improperly filed by the beneficiary of the visa petition, rather than the petitioner.

The movant here is a native and citizen of Ghana, who last entered the United States on or about November 29, 1968, as a nonimmigrant student authorized to remain until January 27, 1971. He is the beneficiary of a visa petition filed by Eula M. DaBaase to accord him immediate relative status as the spouse of a United States citizen. The petition was initially filed on August 15, 1973, three days before the beneficiary was to leave the United States pursuant to a grant of voluntary departure by an immigration judge. The petition was initially denied on September 12, 1973, because both the petitioner and the beneficiary had previous marriages which had not been shown to have been dissolved. An appeal was filed on September 26, 1973; however, it was not forwarded to the Board and thus was never decided.[1]

On October 24, 1973, a new petition was filed. It was denied by the District Director on February 18, 1976, because the petitioner had failed to show dissolution of one of the beneficiary's previous marriages. On October 1, 1976,* we remanded the record to the District Director to afford the petitioner an opportunity to present evidence that the former

---

[1] In view of subsequent events, we find that the failure to forward the appeal to the Board resulted in no prejudice.

*See Interim Decision 2534 (BIA 1976).

marriage had been validly terminated according to Ghanaian tribal custom. The record was subsequently returned to the Board by the District Director by a memorandum in which he stated that the petitioner had not submitted any further evidence. In a decision dated October 27, 1977, we remanded the record to the District Director for entry of a formal decision. On April 20, 1978, and in the absence of the evidence for which the record was remanded 18 months before, the Board dismissed the petitioner's appeal.

In an oral decision on June 18, 1973, an immigration judge found the beneficiary (then respondent) deportable as a nonimmigrant who had remained in the United States longer than permitted. He did not appeal but remained in the United States while his wife pursued the visa petition proceedings discussed above. By letter dated June 13, 1978, he was advised that he was required to depart from the United States at his own expense on or before July 13, 1978. An extension of time was granted until December 29, 1978. On February 26, 1979, a "Notice to Deportable Alien of Departure Arrangements" (Form I–166) was issued directing the beneficiary to report for deportation on March 2, 1979. On March 13, 1979, he filed with the immigration judge a MOTION TO REOPEN DEPORTATION PROCEEDINGS AND FOR STAY OF EXECUTION OF DEPORTATION ORDER.

In a decision dated March 13, 1979, the immigration judge observed that the motion papers were deficient in that: (1) they were unsigned, (2) did not conform to the requirements of 8 C.F.R. 3.5 and 242.22 in that the existence of the evidence sought to be introduced had been known to the beneficiary since May of 1978, and (3) the motion was not supported by affidavits or other evidentiary material which would warrant reopening. He ordered that the papers and the check for the filing fee be returned. The beneficiary has neither appealed that decision nor refiled his motion. The deportation proceedings pertaining to the beneficiary have never been, and are not now, properly before the Board for decision.[2]

The beneficiary has cited no provision giving a beneficiary the right to pursue a visa petition in his own behalf. Those provisions of 8 C.F.R. cited by the beneficiary in support of his contention that he can move to reopen these proceedings apply specifically to deportation cases, or refer to the petitioner in visa petition cases.

The "party affected"[3] in visa petition cases is the petitioner. Section

---

[2] By order dated March 2, 1979, we denied a telephonic request for a stay of deportation on the ground that the Board was without jurisdiction because the respondent had not filed an appropriate motion to reopen the deportation proceedings.

[3] The beneficiary refers to "party affected" from the second sentence of 8 C.F.R. 3.2 in support of his allegation that the beneficiary may move to reopen visa petition proceedings.

204(a) of the Immigration and Nationality Act, 8 U.S.C. 1154(a), provides that a United States citizen or lawful permanent resident may file a petition with the Attorney General to accord an alien immediate relative status under section 201(b), or preference by reason of the relationships described in paragraphs (1), (2), or (5) of section 203(a) of the Act. The regulation provides that the petition shall be filed in the office of the Service having jurisdiction over the place where the petitioner is residing. 8 C.F.R. 204.1. The petitioner has the burden of establishing eligibility for the classification sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (1966). Only the petitioner can appeal from the denial of a visa petition. 8 C.F.R. 204.1(a); cf. *Matter of Arteaga*, 14 I. & N. Dec. 226 (BIA 1972); *Matter of Kurys*, 11 I. & N. Dec. 315 (BIA 1965). Likewise, only the petitioner can appeal from the revocation of a previously approved visa petition. 8 C.F.R. 205.3; *Matter of C—*, 9 I. & N. Dec. 547 (BIA 1962).

Even if the motion to reopen were properly filed by the petitioner, we would find it insufficient to warrant reopening because the evidence sought to be admitted would not establish the beneficiary's eligibility for the immediate relative status he seeks. *Matter of Lam*, 14 I. & N. Dec. 98 (BIA 1972). In our opinion of October 1, 1976, we advised the petitioner that the beneficiary's alleged customary divorce could be proven by a court decree from Ghana or by other evidence. In that regard we advised:

> If the party to the tribal divorce prefers to prove the validity of the proceeding without the assistance of the Ghanaian judicial system, he must provide evidence which establishes (1) the tribe to which he belongs, (2) the current customary divorce law of that tribe, (3) the fact that the pertinent ceremonial procedures were followed.

The evidence the beneficiary would now submit to prove that divorce is an affidavit by Veronica Adabinge DaBaase, the prior spouse, and Adongo Abambire, the purported "Native Chief" of an unspecified tribe, which states simply that Veronica DaBaase divorced the beneficiary pursuant to the Ghanaian tribal native custom. Obviously, this affidavit does not satisfy the requirements set forth in our previous order.

**ORDER:** The motion to reopen is denied.