**Francis A. DaBAASE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 79–1502.**

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1980.

Decided July 3, 1980.

David A. Lang, St. Louis, Mo., for petitioner.

James P. Morris and Robert Kendall, Jr., Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HEANEY and ARNOLD, Circuit Judges, and OVERTON, District Judge.*

PER CURIAM.

This matter is before the Court on Francis A. DaBaase's petition for review of the Board of Immigration Appeals' order denying DaBaase's motion to reopen his deportation proceedings. We affirm the Board's decision.

DaBaase, a citizen of Ghana, entered this country on November 29, 1968, on a nonimmigrant student visa which expired on January 27, 1971. On June 18, 1973, an immigration judge ordered DaBaase deported and he was given until August 18, 1973, to leave the country. Three days before he was to leave, a petition for immediate relative status as the spouse of a United States citizen was filed on his behalf by Eula Mae DaBaase, his wife. This petition was denied on September 12, 1973, in part because satisfactory evidence of the termination of DaBaase's prior African marriage was lacking. Since that time, DaBaase has tried in several ways to provide the necessary evidence but has failed to do so.

On October 24, 1973, for example, DaBaase and his wife filed a second petition for relative status. This was denied by the Immigration and Naturalization Service on February 18, 1976, again for the reason that satisfactory evidence of the termination of DaBaase's African marriage was lacking. On appeal of that denial, the Board explicitly set forth the evidence the service required; *i. e.,* "evidence which establishes (1) the tribe to which [DaBaase] belongs (2) the current customary divorce law of that tribe [and] (3) the fact that the pertinent ceremonial procedures were followed." *In re DaBaase,* No. A18 375 444—Kansas City, slip op. at 3 (Bd. of Immigration App. Oct. 1, 1976). It retained jurisdiction but remanded the case to the District Director to afford DaBaase and his wife an opportunity to obtain the necessary evidence. Eighteen months later, on April 20, 1978, the Board dismissed the appeal, agreeing with the District Director that a reasonable opportunity to present evidence had been afforded and that none had been forthcoming.

Subsequently, DaBaase was again ordered to leave the country. On March 13, 1979, eleven days after he was to have departed, he filed a new motion to reopen his deportation proceedings and on April 5, 1979, he refiled that motion. In it, he alleged that he had newly discovered evidence to prove the termination of his prior

* The Honorable William R. Overton, District Judge, Eastern District of Arkansas, sitting by designation.

marriage and attached various letters from his brother in Ghana, a letter from the Ghanaian Embassy, and an affidavit from his Ghanaian wife. The motion was denied by the immigration judge and that denial was affirmed by the Board of Appeals which stated:

> [DaBaase] and his wife have known that proof of termination of [his] prior marriage was necessary since the visa petition was initially denied on September 12, 1973. They have known what evidence we would accept as proof of termination of that marriage since October 1, 1976. They now come forward seeking to reopen these proceedings for consideration of an affidavit which we have previously indicated is insufficient * * *. Accordingly, no legitimate purpose would be served by reopening the proceedings.

*In re DaBaase*, A18 375 444—St. Louis, slip op. at 2 (Bd. of Immigration App. May 14, 1979) (citation omitted).

We, too, are satisfied that DaBaase's offer of proof failed to satisfy the requirements detailed in the Board of Appeals ruling of October 1, 1976. The letters from DaBaase's brother only serves the purpose of detailing his efforts to secure various forms of evidence. The letter from the Ghanaian Embassy establishes that the Ghana Government recognizes tribal marriage and divorce customs, but expressed no opinion on whether DaBaase was or was not divorced. Finally, the conclusory affidavit of DaBaase's Ghanaian wife asserted only that she had been "divorced [from] her husband Francis A. DaBaase under the Ghanaian Tribal Native Customs Divorce, since February, 1972." None of the proffered evidence established what tribe DaBaase belonged to, what the current tribal custom was, or whether the pertinent ceremonial procedures were followed. Thus, there was no reason to reopen the proceedings.

DaBaase contends before us that the Board abused its discretion in failing to require that the case be reopened and that its evidentiary requirement was unconstitutionally vague. We have thoroughly re-

viewed the case and are convinced that both of these arguments are frivolous. Therefore, his petition is denied.