**Stanley Christian LOKKO and Florence Helen Lokko, Plaintiffs,**

v.

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, Defendant.**

**No. 83 Civ. 4353(MEL).**

United States District Court,
S.D. New York.

Oct. 2, 1984.

---

Irving Edelman, New York City, for plaintiffs.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Michael D. Patrick, Sp. Asst. U.S. Atty., New York City, of counsel.

LASKER, District Judge.

This case raises the question whether plaintiff Stanley Lokko ("Lokko") presented adequate proof to the Immigration and Naturalization Service ("INS" or "Service") that a previous foreign marriage had been terminated. The INS concluded that he did not and denied the visa petition which he had filed on behalf of his present spouse, Florence Ayimey Lokko. Lokko disputes the INS' finding and has initiated this suit to obtain a visa for Florence Ayimey Lokko. Plaintiff and defendant have cross-

moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff's motion is denied, defendant's motion is granted, and the complaint is dismissed.

## I.

The facts are not in dispute. Lokko is a citizen of the Republic of Ghana, where he was born. He became a permanent resident of the United States in March of 1979 under the Immigration and Nationality Act, 8 U.S.C. §§ 1151–59 (1982) ("INA"), when he married Irene Thomas, a United States citizen. Before he married Thomas, Lokko had been married in 1963 in Ghana to Gifty Botchway. In 1975 Botchway and Lokko underwent a non-judicial divorce, in accordance with custom, which, according to the New York office of the Consulate-General of Ghana, is recognized as legally binding under Ghanaian law. No official records were kept of such proceedings. Although it is not clear whether the INS challenged the adequacy of the evidence which Lokko submitted in 1979 to prove that he had been legally divorced in Ghana, the issue evidently did not bar his receipt of permanent resident status at that time.

In December of 1979, approximately eight months after becoming a permanent resident, Lokko obtained from a New York State court an uncontested judgment of divorce from Irene Thomas. Lokko subsequently married Florence Ayimey in New Jersey in May of 1981 and filed a petition on her behalf in December of 1981 to obtain for her a "second preference" immigration visa under INA section 203(a)(2), 8 U.S.C. § 1153(a)(2) (1982), as the spouse of an alien lawfully admitted for permanent residence in the United States. See id.[1] Ayimey was born in Ghana and is currently an illegal alien because her non-immigrant student visa expired seven years ago.

As part of the visa application process on Ayimey's behalf, Lokko informed the INS of his two prior marriages to and divorces from Botchway and Thomas. To prove the legitimacy of his Ghanaian divorce, Lokko submitted with his INS petition two statutory declarations executed in 1978 in Ghana by his uncle and by Botchway's mother stating that they witnessed "the performance of customary rites in connection with the dissolution of the marriage between" Lokko and Botchway. Both declarations were attested to by the Commissioner of Oaths in the High Court of Ghana, but they were not certified as foreign official records by a United States Foreign Service Officer as required under 8 C.F.R. § 287.6 (1984).[2]

By form letter dated August 4, 1982, the INS returned Lokko's petition and asked him to furnish proof of his customary divorce from Botchway in the form either of a divorce decree under the Ghanaian Courts Act of 1971 or (1) legal proof of the current customary law of his tribe and (2) affidavits from both heads of the families involved as to the exact steps of the divorce. The letter further noted that all documents were to be certified by the American Embassy in Ghana. Lokko responded by resubmitting his petition and the declarations in a letter to the INS dated August 9, 1982 in which he wrote that his petition included "affidavits sworn by both heads of family, executed in the High

---

**1.** While the INA limits the number of immigration visas that can be issued in any given year, "immediate relatives" of United States citizens are exempt from this limitation. See 8 U.S.C. § 1151(a) (1982). Lokko obtained permanent resident status under this INA provision through his marriage to Irene Thomas, a United States citizen. The INA also grants differing preferences to various categories of individuals who are not exempt from the Act's numerical limitations in order to apportion out the relatively small number of immigrant visas among the relatively large number of immigrant visa applicants. See generally de los Santos v. INS, 525 F.Supp. 655, 657–58 (S.D.N.Y.1981), aff'd, 690 F.2d 56 (2d Cir.1982). Lokko accordingly sought a "second preference" for Ayimey, as noted above, under INA section 203(a)(2). 8 U.S.C. § 1153(a)(2) (1982).

**2.** The regulation requires the certification of all foreign official records that are admitted for any purpose in an immigration proceeding. See id.

Court of Ghana, Accra before the Commissioner for Oaths."

On December 3, 1982, the INS District Director denied Lokko's petition on the grounds that he had not provided adequate proof of his Ghanaian divorce. The Director noted that Lokko had simply resubmitted his petition without any further documents; that the two affidavits originally submitted did not state which tribe Lokko was from nor the exact steps that were taken in the customary divorce; and that no legal proof of the current customary law of Lokko's tribe had been submitted.

Lokko filed a notice of appeal with the INS' Board of Immigration Appeals ("BIA" or "Board") on December 21, 1982 which included a Statement of Facts describing the procedures of a Ghanaian customary divorce, a letter from the Consulate-General of Ghana dated December 17, 1982 certifying that the Lokko-Botchway marriage had been dissolved in accordance with Ghanaian customary law in light of the affidavits supplied by the relatives of both families, and a declaration made by Botchway in 1980 in Ghana to the Commissioner for Oaths stating, *inter alia,* that she and Lokko were "presently not man & wife".

The Board affirmed the District Director's ruling in a *per curiam* decision dated April 11, 1983 due to inadequate proof of Lokko's alleged customary tribal divorce. The Board stated that the Ghanaian Consul-General's attestation could not be considered as sufficient for a valid divorce in light of its earlier rulings that to prove a customary divorce it is necessary to submit proof of confirmation by a Ghanaian court, or proof of the customary law of the pertinent Ghanaian tribe or group and proof of compliance with such law. Since Lokko had not submitted either kind of proof, the Board dismissed his appeal. Lokko then initiated this action in June of 1983 seeking a declaratory judgment finding his marriage to Ayimey to be legal and valid for all purposes.

## II.

In support of his motion for summary judgment and in opposition to the INS' summary judgment motion, Lokko argues that a presumption of marriage has been held to apply in administrative proceedings,[3] that the INS therefore bears the burden of proving that his marriage to Ayimey is invalid, and that it has not met this burden. Lokko also claims that the INS should now be estopped from challenging the validity of his divorce from Botchway because it obviously recognized the divorce's validity in 1981 at the time he obtained permanent resident status through his marriage to Irene Thomas.

The INS contends that it did not abuse its discretion in denying Lokko's petition because federal law and regulations applicable to visa petitions on behalf of a spouse place the burden of proof upon Lokko to show legal termination of his previous marriages.[4] The Service asserts that prior Board of Immigration Appeals rulings have established that a customary Ghanaian divorce will be recognized for immigration purposes when a Ghanaian court certifies the divorce as valid, or when the relevant parties establish the tribe to which they belong, the tribe's customary divorce law, and provide evidence that they have conformed to custom.[5] In the INS' view, Lokko has not met his burden of proving that he was legally divorced from Botchway because the supporting affidavits which he has submitted simply state in conclusory terms that Lokko and Botchway underwent a customary divorce but do not describe the specific steps taken by each party. The INS also challenges the letter submitted by the Consulate-General of Ghana because it relies upon these affidavits to certify Lok-

---

3. *Citing, United States v. Marlow,* 235 F.2d 366, 368 (5th Cir.1956).

4. *Citing,* 8 U.S.C. § 1154, 1361 (1982); 8 C.F.R. § 204.2(c) (1984).

5. *See Matter of DeBaase,* 16 I. & N.Dec. 720 (1979), *aff'd,* 627 F.2d 117 (8th Cir.1980) (*per curiam* ); *Matter of Debasse,* 16 I. & N.Dec. 39 (1976); *Matter of Akinola,* 15 I. & N.Dec. 359 (1975).

ko's divorce. Inasmuch as the Board of Immigration Appeals has not accepted conclusory affidavits from family members and supporting letters from the Ghanaian Consulate-General as sufficient proof of a customary non-judicial divorce on previous occasions,[6] the INS argues that it did not abuse its discretion in denying Lokko's petition. The INS also notes that nothing prevents Lokko from obtaining the missing information and filing a new visa petition on Florence Ayimey Lokko's behalf because denial of one petition does not preclude the filing of another when the necessary prerequisites are met.

### III.

■ The INS' summary judgment motion is granted and Lokko's motion is denied because we find the INS' arguments are persuasive and because the INS has represented that Lokko will not be prejudiced if his complaint is dismissed. Lokko is in error when he argues that the INS is collaterally estopped from raising the issue of his Ghanaian divorce. Contrary to his claim, the INS did not have a full and fair opportunity to litigate the issue before, because it was never raised.

Lokko also presented to the Board of Immigration Appeals the issue of whether the INS should be equitably estopped from challenging his marital status because it necessarily found his divorce from Botchway to be valid at the time he became a permanent resident through his marriage to a United States citizen. This issue is entitled to further consideration.

■ As a general rule the traditional doctrine of equitable estoppel is not applicable against the government, regardless of the actions of its agents. *See Akbarin v. INS,* 669 F.2d 839, 842 (1st Cir.1982); *Tonkonogy v. United States,* 417 F.Supp. 78, 79 (S.D.N.Y.1976); Gordon, *Finality of Immigration and Nationality Determinations,* 31 U.CHI.L.REV. 433, 433–34 (1964); Note, *Estopping the Government*

*in Immigration Cases,* 56 NOTRE DAME LAW. 731, 731 (1981). Nevertheless, courts have recognized that the government can be estopped in immigration proceedings when it has engaged in "affirmative misconduct" and when the party seeking to invoke the estoppel has relied upon this conduct. *See INS v. Miranda,* 459 U.S. 14, 17, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982) (*per curiam*); *Schweiker v. Hansen,* 450 U.S. 785, 788–89, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981) (*per curiam*); *INS v. Hibi,* 414 U.S. 5, 8–9, 94 S.Ct. 19, 21–22, 38 L.Ed.2d 7 (1973) (*per curiam*); *Montana v. Kennedy,* 366 U.S. 308, 314–15, 81 S.Ct. 1336, 1340–41, 6 L.Ed.2d 313 (1961); *Akbarin v. INS, supra,* 669 F.2d at 842; *Corniel-Rodriguez v. INS,* 532 F.2d 301, 305–06 (2d Cir.1976).

■ In this case, Lokko does not allege, nor do the facts of record suggest, that the INS' treatment of him amounts to the type of behavior which the cited cases characterize as "affirmative misconduct." *See, e.g., INS v. Miranda, supra,* 459 U.S. at 17–18, 103 S.Ct. at 283; *Corniel-Rodriguez v. INS, supra,* 532 F.2d at 305–06. Accordingly, although it may be wondered why the INS is now raising the issue of the validity of Lokko's Ghanaian divorce considering that it seemingly ignored this question when it granted Lokko permanent resident status, Lokko's motion for summary judgment on this ground is denied.

■ Lokko is also incorrect in arguing that the INS has the burden of overcoming the presumption that his marriage to Ayimey is valid. INA section 204(a) provides in relevant part that

"any alien lawfully admitted for permanent residence claiming that an alien is entitled to a preference status ... may file a petition with the Attorney General for such classification. The petition shall be in such form as the Attorney General may by regulations prescribe and shall contain such information and be sup-

---

**6.** *See Matter of DeBaase, supra,* 16 I. & N.Dec. 720, *aff'd,* 627 F.2d 117; *Matter of Akinola, supra,* 15 I. & N.Dec. 359.

ported by such documentary evidence as the Attorney General may require."

8 U.S.C. § 1154(a) (1982). The regulation applicable to petitions on behalf of spouses states that the petition "must be accompanied by a certificate of marriage to the beneficiary and proof of the legal termination of all previous marriages of both wife and husband." 8 C.F.R. § 204.2(c)(2) (1984). These provisions explicitly place the burden of proof upon Lokko to demonstrate the legal termination of his previous marriages to Botchway and Thomas. Moreover, the courts and the Board of Immigration Appeals have consistently ruled that in a visa petition proceeding, the petitioner bears the burden of proving the beneficiary's eligibility for a visa preference. *See, e.g., Delgado v. INS,* 473 F.Supp. 1343, 1349 (S.D.N.Y.1979); *Matter of DeBaase, supra,* 16 I. & N.Dec. at 722, *aff'd,* 627 F.2d 117 (8th Cir.1980) *(per curiam ).* BIA rulings are particularly significant in this case because the INS is the agency charged by Congress to implement the public policy underlying the immigration laws. Its decisions are accordingly entitled to "appropriate" deference. *See, INS v. Miranda, supra,* 459 U.S. at 19, 103 S.Ct. at 284; *de Los Santos v. INS, supra,* 690 F.2d at 60. The presumption of marriage based upon state law which Lokko asserts is applicable here thus gives way to the burden of proof placed upon a petitioner who, like Lokko, seeks an immigration visa preference. *See Matter of Brantigan,* 11 I. & N.Dec. 493, 494 (1966).

The remaining issue is whether the INS may deny Lokko's petition on the ground that he did not submit adequate proof of his Ghanaian customary divorce. Judge Sofaer has noted that

"[g]ranting preference visas is within the discretion of the [INS], and the courts will not reverse its decisions unless there has been an abuse of that discretion.... An abuse will be found only when there is no evidence to support a decision, or when a decision is based on an improper understanding of the law.... Even as to pure questions of law, the Service is entitled to a review tempered by respect for the Service's expertise in interpreting and administering the INA."

*Delgado v. INS, supra,* 473 F.Supp. at 1348 (citations omitted).

On previous occasions, the BIA has ruled that a party who seeks to prove the validity of a Ghanaian customary divorce without the assistance of judicial certification "must provide evidence which establishes (1) the tribe to which [the party] belongs, (2) the current customary divorce law of that tribe, (3) the fact that the pertinent ceremonial procedures were followed." *Matter of DeBaase,* 16 I. & N.Dec. 39, 40 (1976), *quoted in, id.,* 16 I. & N.Dec. at 722 and *DeBaase v. INS,* 627 F.2d at 118. In addition, the Board has noted:

"To establish the current customary law of his tribe, the party may present evidence derived from reported cases, legal treaties and commentaries, and depositions of legal scholars. The evidence could also consist of advisory opinions from those organizations traditionally recognized by the Ghanaian Government as possessing knowledge of customary law.

Once the law has been established, it remains for the party to prove that the divorce was properly perfected. Affidavits from the parties and the witnesses involved must be specific rather than conclusory in nature."

*Matter of DeBaase, supra,* 16 I. & N.Dec. at 40–41 (footnote omitted).

In this case, the INS has advised Lokko of the deficiencies in the affidavits he submitted to prove the legitimacy of his Ghanaian divorce. To date, however, he has not submitted the kind of evidence which establishes the customary law of his tribe, nor do his supporting affidavits provide anything more than conclusory assertions that Lokko and Botchway are no longer man and wife. Moreover, the letter from the Consulate-General of Ghana does not legitimatize the legality of Lokko's customary divorce because it, too, relies upon the same affidavits for its conclusions. Accordingly, we find that the INS did not

abuse its discretion in denying Lokko's petition.

Since the issues raised here revolve around deficiencies in evidence, we would normally reserve decision to grant Lokko time to submit satisfactory proof that he was indeed divorced from Botchway. However, the INS notes that Lokko will not be precluded from filing another visa petition on Ayimey's behalf if and when he obtains the requisite information. There is therefore no need to reserve decision.

Defendant's summary judgment motion is granted and plaintiff's summary judgment motion is denied. The complaint is dismissed.

It is so ordered.