## MATTER OF KURYS

### In Visa Petition Proceedings

#### A-13801947

*Decided by Board October 4, 1965*

Where, following withdrawal by petitioner of an approved visa petition to accord alien spouse nonquota status, a new visa petition on behalf of the beneficiary was filed under compulsion of a court order by the citizen petitioner who stated that a *bona fide* marital relationship did not exist and she did not intend to live with her husband, such petition was properly denied because it was not submitted in good faith and the appeal from the denial order dismissed since the beneficiary's attorney has no standing to appeal.

The case comes forward from the order of the District Director, Hartford, Connecticut dated April 6, 1965 denying the visa petition for the reason that the petition is not being submitted in good faith; the petitioner's statement under oath indicates that she does not have a *bona fide* marital relationship, that she does not intend to live with her husband and that her petition is being filed under compulsion.

The visa petition was filed on February 24, 1965 by the petitioner, a native of Poland and a naturalized citizen of the United States, 27 years old, female, on behalf of her husband, a native and citizen of Poland, 25 years old, male. The parties were married on October 17, 1964 at New Britain, Connecticut.

The visa petition indicates that a prior petition was filed on October 23, 1964 and withdrawn on December 7, 1964. The brief of counsel contains a memorandum of decision in the case of *Kazimierz Kurys* v. *Michalina Rittaler Kurys*, No. 141412 of the Superior Court, Hartford County, Connecticut dated February 18, 1965 granting a motion for an order that a temporary injunction issue "requiring the defendant to immediately reinstate her petition made to the United States Department of Justice, Immigration and Naturalization Service, to grant the plaintiff nonquota immigrant status."

A sworn statement taken from the petitioner on February 24, 1965 by a Service officer indicates that the petitioner filed a new petition

because she had been ordered to by the court and would not have submitted the petition if the court had not so ordered; further, that the petitioner had no intention of living with her husband as man and wife and that it is the petitioner's present desire to secure a divorce.

At oral argument it developed that the counsel in the case is the counsel for the alien-beneficiary who appeared for the beneficiary in obtaining the injunction previously referred to above.

Section 206 of the Immigration and Nationality Act provides that the Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 205 of the Act. 8 CFR 206.1(b)(1) provides that the approval of a visa petition is revoked as of the date of approval in any of the following circumstances: Upon formal notice of withdrawal filed by petitioner with the officer who approved the petition.

In the case of *Scalzo* v. *Hurney* [1] the petitioner was ordered by the Court of Common Pleas of Philadelphia County to reinstate a visa petition which had previously been withdrawn. The court held that section 206 authorizes the Attorney General for good and sufficient cause to revoke the visa petition and that there is no vested status in the alien. The case of *Pacheco Pereira* v. *Immigration and Naturalization Service* [2] held that an alien in the beneficiary's position has no personal right to become a nonquota immigrant; the right lies in the citizen spouse who wishes to keep the family together, citing 8 CFR 206.1(b)(1). In *Matter of O—*, 9 I. & N. Dec. 547, we held that the right to appeal from revocation of a previously approved visa petition lies solely with the petitioner; that the attorney who once represented the petitioner and cannot now locate her and continues to represent the beneficiary has no standing under 8 CFR 206.3 to assert an appeal.

In the instant case the visa petition was filed by the petitioner under compulsion of a court order. Under the regulations an appeal from the denial of the visa petition may be filed only by the petitioner. Under the circumstances, and in view of the court decisions and the prior administrative holding of this Board, the appeal must be dismissed. If the petitioner files an appeal in good faith, the case may then be reconsidered upon the merits.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] 225 F. Supp. 560, affirmed *per curiam* 338 F.2d 339, certiorari applied for.
[2] 342 F.2d 422 (1st Cir., March 18, 1965).