MATTER OF APHRODITE INVESTMENTS LIMITED

In Visa Petition Proceedings

PHO-N-2277

*Decided by Commissioner August 22, 1980*

A corporation is a separate entity from its stockholders for the purposes of qualifying an
alien beneficiary as an intra-company transferee under section 101(a)(15)(L) of the
Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L). *Cf. Matter of M—*, 8 I&N
Dec. 24 (BIA 1958; A.G. 1958).

ON BEHALF OF PETITIONER: Michael Margrave, Esquire
Nancy-Jo Merritt, Esquire
Pearlstein & Margrave
2100 Valley Bank Center
Phoenix, Arizona 85073

This case is before the Commissioner on certification as directed.
The petitioner is seeking to classify the beneficiary as an intra-com-
pany transferee (L-1) as defined in section 101(a)(15)(L) of the Im-
migration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), as amended.
The petition was denied by the District Director of this Service in
Phoenix. Appeal was taken to the Regional Commissioner, Western
Region. The Regional Commissioner upheld the decision of the District
Director and dismissed the appeal.

Aphrodite Investments is an investment holding company head
quartered in London, England. The company is owned by three
brothers, each of whom possesses approximately a one-third share of
the company. Aphrodite Investments has created two subsidiary com-
panies located in Arizona. The purpose of these companies is to
purchase and develop real estate within Arizona for resale.

The District Director and Regional Commissioner hold that the
beneficiary cannot be classified as an intra-company transferee be-
cause he is "an entrepreneur, a speculative investor, and not an em-
ployee of an international company." Section 101(a)(15)(L) defines an
intra-company transferee as:

An alien who immediately preceding the time of his application for admission into the
United States, has been employed continuously for one year by a firm or corporation or

other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge ...

In the amicus brief submitted by the Association of Immigration and Nationality Lawyers the principle of clear language enforcement of a statute is properly mentioned. When the meaning of the language of a statute is plain, there is no room for a constructed interpretation. *Cominetti v. United States*, 242 U.S. 470 (1917). When relying upon the plain language we look first to relevant definitions within the same title that are also used in the same or similar context. In the absence of such definition the every day usage of the terms becomes important.

The Regional Commissioner attempted to establish the everyday usage of a term he thought was relevant to the L-1 statute. How ever "employee" is not used in section 101(a)(15)(L). The term used is "employed." The present tense "employ" is defined in *Webster's New Collegiate Dictionary*, in part, as "to provide with a job that pays wages or a salary." If we were to adopt the definition of "employee" we would exclude some of the very people that the statute intends to benefit: executives. *Webster's* defines "employee" to be "one employed by another usually for wages or salary and in a position below the executive level."

In *Matter of M—*, 8 I&N Dec. 24 (BIA 1958; A.G. 1958), precedent was established which held that the sole stockholder of a corporation was able to be *employed* by that corporation as the corporation has a separate legal entity from its owners or even its sole owner. While that case concerned a visa petition for preference classification, I find its conclusions are equally valid in other areas of concern where an employer/employee relationship needs to be examined by the Service.

The Regional Commissioner found that the requisite relationship exists between Aphrodite Investments and MN&S Corporation. The petitioner's statements established that the beneficiary was employed for the statutory period by Aphrodite Investments in a managerial position for their subsidiary in the United States.

Therefore, the following order will be entered.

ORDER: The nonimmigrant visa petition be approved to accord the beneficiary classification as an intra-company transferee.