Edmund **JOSEPH** d/b/a Joseph Brothers Food Market and Michel Cham, Plaintiffs-Appellants,

v.

Michael H. **LANDON**, Jr., District Director and the United States Immigration & Naturalization Service, Defendants-Appellees.

No. 81–1782.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1981.

Decided March 22, 1982 *.

* This appeal was originally decided by unreported order on March 22, 1982. See Circuit Rule 35. The Court has subsequently decided to issue the decision as a *per curiam* opinion.

Joseph D. Keenan, III, Puchalski, Keenan & Puchalski, Chicago, Ill., for plaintiffs-appellants.

Edward J. Moran, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Frederick H. Branding, Asst. U. S. Atty., Chief, Civil Division, Michael S. O'Connell, Asst. U. S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, WOOD, Circuit Judge, and GRANT,** Senior District Judge.

PER CURIAM.

This is an appeal from a summary judgment granted in favor of defendants-appellees, Michael H. Landon, Jr., District Director and the United States Immigration and Naturalization Service (hereinafter "INS"), by the United States District Court for the Northern District of Illinois. We affirm.

Plaintiff-appellant Michael Cham is a citizen of Lebanon who came to the United States in June, 1971, on a visitor's visa. In June, 1972, the plaintiff-appellant Edmund Joseph (d/b/a Joseph Brothers and hereinafter "Joseph Brothers") filed an application for labor certification on behalf of Cham with the Illinois State Employment Service. In the application, Joseph Brothers listed the minimal experience necessary for the job Cham was to fill to be six to eight months training and three years experience as a manager or ten years experience in meat sales. The Labor Certification Application was accompanied by a form signed by Cham listing his prior experience as a general store manager in his father's grocery in Lebanon from 1944 to 1960. The Department of Labor certified the application and issued the certificate in July, 1972.

On July 19, 1972, Joseph Brothers filed a petition on behalf of Cham for sixth preference classification pursuant to 8 U.S.C. § 1153(a)(6). Joseph Brothers was seeking for Cham an immigrant visa with a classification of preference status based on his occupation. The issuance of this sixth preference immigration visa would allow Cham to remain in this country in an immigrant status rather than return to Lebanon to seek a numerically limited immigrant visa under 8 U.S.C. § 1151. This sixth preference visa petition was approved by the INS on May 24, 1973, based upon the supporting affidavit of Cham's father in Lebanon.

On June 27, 1973, Cham applied pursuant to 8 U.S.C. § 1255 for permanent resident status based upon the approved sixth preference visa petition. A subsequent investigation by the INS obtained information through the American Embassy in Beirut that the affidavit supplied by Cham's father regarding Cham's work experience was false. Based upon this information, the

** The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

INS, on October 20, 1975, notified Joseph Brothers of its intent to revoke Cham's visa petition. The basis of the revocation was the fraudulent documentation. Joseph Brothers was given 15 days to submit information or documents to refute the proposed revocation.

In August, 1976, an attorney for Cham requested to review the documents in Cham's file. In September, 1977, a different attorney requested a review of the file. Joseph Brothers was again notified on December 23, 1977, of INS' intent to revoke the visa petition and advised that nothing had been submitted in refutation since the prior notice of October 20, 1975. Joseph Brothers was given to January 5, 1978, to submit supporting documents. On February 7, 1978, notice of revocation of the visa petition was sent to Joseph Brothers. Only after this action was supporting documentation submitted on February 21, 1978 by appellants' counsel.

Cham appealed the revocation but the Regional Commissioner denied the appeal on January 5, 1979, as improperly filed on the ground that a beneficiary of a sixth preference visa petition has no standing to appeal. Cham was given to February 15, 1979, to voluntarily depart the United States. On March 26, 1979, Joseph Brothers filed a motion to reopen and reconsider the denial of the appeal. It was rejected on October 30, 1979. The appellants filed suit in the district court below on November 29, 1979, alleging that the revocation of the visa petition was unlawful and asking for a *de novo* hearing. The second count of appellants' complaint alleged that the INS' failure to reopen the appeal was unlawful and violative of due process. Both parties submitted motions for summary judgment and in a Memorandum Opinion, the district court denied the motion of Joseph Brothers and granted the motion of the INS. The court held that in reviewing a visa petition revocation, it must base its determination upon the administrative record and that it is not empowered to conduct a *de novo* hearing. The court also held that based upon the Attorney General's broad statutory authority to revoke visa petitions for good and sufficient cause, the INS' finding in this case of such cause based upon the fraudulent statements submitted in support of the petition was adequately supported by the administrative record. The court further held that Cham did not have a vested right upon approval of the sixth preference immigration visa petition.

In this appeal, Joseph Brothers argues that Cham had acquired a vested right upon approval of his visa petition; that an improper standard was applied in the review by the district court of the visa revocation; that there was not good and sufficient cause on the record to support a visa revocation; that the INS did not have statutory authority to revoke the labor certification; and that the INS wrongfully dismissed Cham's administrative appeal.

I.

█ An initial approval of a visa "petition does not alone give the beneficiary of the petition an immediate right to an immigrant visa." *De Figueroa v. Immigration and Naturalization Service*, 501 F.2d 191, 193 (7th Cir. 1974). Rather, the petition is approved merely because there appears "prima facie evidence of qualification for issuance of the visa." *Id.* After initial approval, the alien must satisfy the standard of admissibility for permanent residents upon arrival in this country or upon application for a change of status while within the country. As we held in *De Figueroa*, the initial approval of a petition does not give an alien an immediate right to a visa. The district court thus correctly held that Cham did not have a vested right upon approval of this visa petition. *See Menezes v. Immigration and Naturalization Service*, 601 F.2d 1028 (9th Cir. 1979) and *Wright v. Immigration and Naturalization Service*, 379 F.2d 275 (6th Cir. 1967).

█ The Attorney General of the United States is empowered to administer and enforce the immigration laws of this country. 8 U.S.C. § 1103. As such, "[he] may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any

petition approved by him." 8 U.S.C. § 1155. A court reviewing the revocation of a visa petition by the INS is limited to determining whether the agency's action was "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A). The abuse of discretion may be found "only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law." *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir. 1971). *See also Kam Ng v. Pilliod*, 279 F.2d 207 (7th Cir. 1960). Therefore, the trial court correctly held that it was not empowered to conduct a *de novo* hearing but was limited to the administrative record. *Navarro v. District Director of United States Immigration and Naturalization Service*, 574 F.2d 379, 383 (7th Cir.), *cert. denied*, 439 U.S. 861, 99 S.Ct. 182, 58 L.Ed.2d 170 (1978).

■ A review of the statement filed by Cham and attached to his Labor Certification Application shows that he listed experience as a general store manager from June, 1944, to June, 1960. In a sworn statement given by Cham on March 11, 1974, to an Immigration Examiner, with the use of an interpreter, he testified that he worked for his father from 1945 to 1957, worked in shipping and receiving for another employer from 1957 to 1963, and drove a taxi from 1963 to 1970. Yet his father's affidavit indicated that Cham was trained from 1941 to 1943 and supervised the store from 1943 to 1960. A November 6, 1974 Memorandum from the Consular Section of the American Embassy in Beirut reported that Cham was a son of a butcher and not a butcher himself. It also reported that he drove a taxi and never worked regularly in his father's store and that a village leader had signed Cham's father's affidavit as a favor. This information was confirmed by a second Memorandum dated May 26, 1977. Nothing was submitted to the INS to substantiate Cham's petition or refute the inconsistencies until after the notice of revocation. Based upon the inconsistencies of Cham's statements and fraudulent affidavit, we find that there was good and sufficient cause for the visa revocation and the INS District Director acted well within his statutory discretion.

## II.

Cham also argues upon appeal that the INS wrongfully revoked Cham's labor certification and dismissed his administrative appeal. However, it was Cham's sixth preference visa petition that was revoked by the INS and not his labor certification. Only the Department of Labor has authority to revoke labor certifications filed prior to February 18, 1977. *See* 29 C.F.R. § 60 *et seq.* (1976). Post-1977 filings can be invalidated by the INS for fraud or willful misrepresentation under 20 C.F.R. § 656.31(d) (1979) and 20 C.F.R. § 656.30(d) (1979).

■ While the Department of Labor has primary authority over labor certification, it is only after consultation with the Secretary of Labor that the Attorney General, if he determines the facts in the visa petition are true and the alien is eligible for preference status, shall approve the visa petition. 8 U.S.C. § 1154(b). As the Court held in *Singh v. Attorney General*, 510 F.Supp. 351, 356 (D.D.C.1980), the Secretary of Labor retains authority over labor qualifications "with the Attorney General retaining authority to overrule the Secretary, after consultation with him, for any possible abuse of discretion." Unlike *Singh*, the INS did not determine Cham unqualified for the position but has revoked the visa petition upon the basis of fraudulent and inconsistent statements submitted in support of that petition. The INS had authority only to revoke Cham's visa petition for "good and sufficient cause," not his 1972 labor certification which, by statute, was within the authority of the Department of Labor.

■ Cham also argues that the Regional Commissioner of the INS improperly dismissed his administrative appeal as improperly filed. An appeal to the Regional Commissioner was filed in Cham's name on February 22, 1978, by his attorney of record. However, under the regulations regarding appeals of visa revocations, 8 C.F.R. § 205.3 (1981), only the petitioner [Joseph Brothers], and not the beneficiary of the visa

petition [Cham], has standing to appeal. *See Matter of Kruys,* 11 I. & N. Dec. 315 (BIA, 1965); *Matter of C—,* 9 I. & N. Dec. 547 (BIA, 1962). In this instance, the wrong party filed the initial appeal. Cham's attorney filed an appearance for Joseph Brothers on January 19, 1979, and filed a motion to reopen and reconsider on March 26, 1979. After consideration of all the arguments raised on appeal and the affidavits submitted after the revocation notice, the motion to reopen and reconsider was denied. These affidavits were also inconsistent with the prior statements. Five affidavits indicated that Cham worked in his father's store in 1966, 1969, 1970, 1971 and 1972. Only one affidavit states that he was seen working in his father's store during 1956. Cham has maintained he worked for his father up until 1957 but not beyond 1960. These five affidavits had him working in the store when Cham, himself, says he was working elsewhere. These affidavits only increase rather than refute the good and sufficient cause basis of the revocation.

The District Director in his denial of the motion to reopen pointed out that these affidavits did not indicate in what capacity Cham was employed and that they could not be reconciled with dates Cham had submitted. Thus, all the material in Cham's administrative record was considered on the motion to reopen and reconsider. Cham has not been denied his due process.

Cham's initial appeal to the Regional Commissioner was properly rejected as improperly filed. The burden upon appeal to refute the inconsistencies and fraudulent statements fell upon Joseph Brothers, which in the Commissioner's discretion on review of Joseph Brothers' appeal, was not met. After reviewing all the arguments in support of the motion to reopen and reconsider which were also raised in the adminis-

trative appeal, the District Director rejected the motion to reopen and reconsider.

After a review of the record and for the above reasons, we affirm the district court finding that the INS' finding of good and sufficient cause pursuant to 8 U.S.C. § 1155 was supported by the administrative record to revoke Cham's visa petition and was not an abuse of discretion.

We AFFIRM.