## MATTER OF SILVER DRAGON CHINESE RESTAURANT

### In Visa Petition Proceedings

### A-24551321

### *Decided by Commissioner August 13, 1986*

(1) An occupational preference petition may be filed on behalf of a prospective employee who is a shareholder in the corporation. The prospective employee's interest in the corporation, however, is a material fact to be considered in determining whether the job being offered was really open to all qualified applicants.

(2) A shareholder's concealment, in labor certification proceedings, of his or her interest in the petitioning corporation constitutes willful misrepresentation of a material fact and is a ground for invalidation of an approved labor certification under 20 C.F.R. § 656.30(d) (1986).

ON BEHALF OF PETITIONER: Harry A. DeMell, Esquire
277 Broadway
New York, New York 10007

## I. *PROCEDURAL HISTORY AND JURISDICTION*

The petition was denied by the district director, Newark. The petitioner appealed that decision, whereupon, in consideration of new evidence submitted on appeal, we formulated a new ground of denial and dismissed the appeal. The petitioner, citing various authorities, now advances the proposition that our action was incorrect and exceeded the scope of our authority. We will grant the petitioner's motion pursuant to 8 C.F.R. § 103.5 (1986) in order to permit examination of its new arguments and citations.

## II. *FACTS*

The petitioner is a Chinese restaurant which proposes to offer the beneficiary permanent employment as a cook of Chinese-style food. Labor certification for the position at issue was applied for by the petitioning employer on February 23, 1981, and was granted on June 12, 1981. The petitioning employer is a New Jersey corporation. In its application for labor certification the petitioner certified that the position at issue was open to any qualified United States

worker. The beneficiary was identified as a chef who would be supervised by the president of the petitioner, an individual identified as Julio Malqui. Julio Malqui signed the application for labor certification in his capacity as the petitioner's president. The district director denied the petition upon determining that the petitioner had not satisfactorily demonstrated its ability to compensate the beneficiary as stipulated in the labor certification application. On appeal the petitioner submitted a copy of the petitioner's 1983 corporate income tax return in order to rebut the district director's determination. Our review of this document revealed the beneficiary to be listed as the owner of 50 percent of the petitioner's issued shares. The tax return was signed by the beneficiary as the petitioner's president, and not by Malqui. Unsigned photocopies of the petitioner's 1981 and 1982 corporate income tax returns are also of record. The 1981 return, which covers the period during which application for labor certification signed by Malqui was made and approved, lists the beneficiary as the sole officer of the petitioning corporation. The 1982 return lists the beneficiary and Julio Malqui as owners of 50 percent of the petitioner's issued shares each but shows the beneficiary to have been the sole party at interest to derive compensation (in the amount of $10,400) from the petitioner, with Malqui having gone uncompensated. An identical situation, including the amount of compensation to the beneficiary, is reflected in the 1983 return. The 1982 return shows the beneficiary to have devoted 100 percent of his work time to the petitioner, and Malqui none. No information is provided concerning work time in the 1983 return.

In light of the fact that the beneficiary is a principal of the petitioning corporation as well as its president, it is evident that information contained in the labor certification is incorrect in two regards. First, the beneficiary is not, in fact, supervised by Mr. Malqui, who signed the petition as president. Second, the job was not actually open to qualified United States citizen or resident workers. We conclude that misrepresentation, both willful and material, occurred. This conclusion is supported by a Department of Labor advisory opinion, dated May 10, 1984:

> It is the position of the Department of Labor that while it is not an absolute ground for denial of an application for certification, the alien's ownership of his/her potential corporate employer should cause the certifying officer to examine more carefully whether the job opportunity is clearly open to qualified U.S. workers, and whether U.S. workers applying for the job were rejected solely for lawful job-related reasons.
>
> The alien's ownership of his/her non-corporate employer; e.g., partnership, would be one ground for denial of a labor certification, since it would not constitute

work for an employer other than oneself, as required by the regulations. 20 CFR 656.50, "Employment."

In light of the materiality and apparent willfulness of the petitioner's misrepresentations, we invalidated the labor certification at issue pursuant to the provisions of 20 C.F.R. § 656.30(d) (1986) and dismissed the appeal. While the district director was correct in considering the petitioner's financial conditions, we said that he should have invalidated the labor certification. The petitioner's misrepresentation of its true relationship with the beneficiary is a far more fundamental impediment to accordance of the benefit sought than is the Government's adverse opinion of the petitioner's substantiality or viability.

## III. *THE PETITIONER'S MOTION*

The petitioner, on motion, argues two issues. First, relying on *Matter of Aphrodite Investments Limited,* 17 I&N Dec. 530 (Comm. 1980), counsel argues that the beneficiary's stock ownership does not preclude eligibility for the benefit sought. Second, counsel argues that the labor certification can be invalidated only upon finding fraud or willful misrepresentation and that the Department of Labor's conclusion that a good faith recruitment effort was made precludes such a finding.

## IV. *THE EFFECT OF THE PETITIONER'S ORGANIZATION AS A CORPORATION*

The Department of Labor advisory opinion quoted above has since been buttressed by like holdings in administrative and judicial proceedings. *See, e.g., Pasadena Typewriter and Adding Machine Co.* v. *Department of Labor,* No. 83-5516 AAH (T) (C.D. Cal. Feb. 17, 1984); *Help Trucking Co. ex rel. Rodriguez,* 6 ILCR 1-453 (1984); *H.D.S. International Corp. ex rel. Hamidzadah,* 3 ILCR 1-1044 (1982).

The petitioner's first point is substantially correct as quoted. The fact that an alien is a stockholder in the corporation seeking to employ him or her in the United States does not constitute an automatic disqualification. *Cohen-Verdi, Inc.,* 5 ILCR 1-406 (1982); *Matter of Aphrodite Investments Limited, supra; Matter of M-,* 8 I&N Dec. 24 (BIA, A.G. 1958). However, the fact that a corporation is an entity distinct from its stockholders does not, as noted in *Pasadena Typewriter and Adding Machine Co.* v. *Department of Labor, supra,* inevitably or automatically establish a corporation's independence of particular stockholders. As is evident from the ad-

ministrative case law cited above, the Department of Labor has in the past denied labor certification in instances where it determined that the prospective alien employee controlled the prospective corporate employer to the extent that the job offer at issue could not properly be regarded as open to all qualified applicants.

A prospective immigrant's control of the petitioning corporation does not act to disqualify him or her in any automatic fashion if it can be established that the position at issue was offered in good faith and open to all qualified applicants. Where, as in this instance, an alien beneficiary's association with the petitioning corporation is concealed in labor certification proceedings, the Department of Labor is prevented from discharging its function of "examin[ing] more carefully whether the job opportunity is clearly open to qualified U.S. workers, and whether U.S. workers applying for the job were rejected solely for lawful job-related reasons." Department of Labor advisory opinion, *supra*.

## V. *THE EFFECT OF THE PETITIONER'S WILLFUL MISREPRESENTATION*

The labor certification application at issue is signed by an individual other than the beneficiary, despite the fact that the petitioner's corporation income tax return shows the beneficiary to have been the sole officer of the corporation during the period when the application was submitted. The beneficiary is petitioned for in the capacity of "cook, Chinese-type food" when in fact he is an officer of the petitioning corporation. The beneficiary is represented to be subject to the supervision of the president of the petitioning corporation when he actually is the president of the petitioning corporation. These are obvious misrepresentations that relate to matters of fact, material to the labor certification proceeding in which they were made. They are determined to be willful because the officers and principals of a corporation are presumed to be aware and informed of the organization and staff of their enterprise. Under the clear language of applicable regulations the labor certification before us is subject to invalidation. The petitioner's characterization of the grounds for invalidation of the labor certification as "mere suspicion" of fraud is belied by the facts.

In this case, the misrepresentation which occurred consists of an obvious mischaracterization of the beneficiary's relationship to the petitioner, which had the effect of the issuance of a labor certification that would not otherwise have been granted (see the Department of Labor advisory opinion below). The misrepresentation which occurred cannot be dismissed by the petitioner or prudently

regarded by us as an innocent, non-willful omission of material facts which would not subject the labor certification before us to invalidation. Rather, the petitioner's statement that the beneficiary would be supervised by its corporate president, when the beneficiary, at the time the statement was made, was in fact the president of the petitioning corporation can only be held to be a misrepresentation calculated to secure a benefit for which the petitioner was not eligible, and thus a misrepresentation which properly subjects the labor certification to invalidation under 20 C.F.R. § 656.30(d) (1986).

The Department of Labor concurs in this determination. In an advisory opinion concerning this case, dated November 18, 1985, the Chief of the Division of Foreign Labor Certification states as follows:

Based on the above facts there appears to have been a misrepresentation of a material fact involving a labor certification. The signing of Part A of the labor certification by Julio Malqui as the president and supervisor of the alien when in fact he was not employed by the petitioning corporate employer caused the Certifying Officer not to inquire as to the extent of the control the alien exercised over the petitioning corporate employer. This information would have been necessary for the Certifying Officer to determine whether the job opportunity was clearly open to qualified U.S. workers.

As a result of the case *Pasadena Typewriter and Adding Machine Company, Inc. and Alireza Rahmaty* v. *United States Department of Labor (CV 83-5516-AAH(T)*, a statement of the Department's position regarding those cases where the alien beneficiary is a principal stockholder of the petitioning corporate employer filing an *Application for Alien Labor Certification* on his behalf was recently provided to the American Immigration Lawyers Association Committee on Labor Liaison. This was somewhat a fuller statement than was contained in my February 26, 1985, letter to you, and is reproduced below for your information.

The Department's policy with regard to those situations where the beneficiary of the labor certification is a principal stockholder in the petitioning corporate employer, has been that while it is not an absolute ground for denial of an application for certification, the alien's ownership of his potential corporate employer should cause the certifying officer to examine more carefully whether the job opportunity is clearly open to qualified U.S. workers (20 CFR 656.20(c)(8)), and whether U.S. workers applying for the job were rejected solely for lawful job-related reasons (20 CFR 656.21(b)(7)). The case *Pasadena Typewriter* is in accord with the Department's policy. As stated by the court on page 7 of its decision:

"The regulations require a 'job opportunity' to be 'clearly open'. Requiring the job opportunity to be bona fide adds no substance to the regulations, but simply clarifies that the job must truly exist and not merely exist on paper. The administrative interpretation thus advances the purpose of regulation 656.20(c)(8). Likewise requiring that the job opportunity be bona fide clarifies that a true opening must exist, and not merely the functional equivalent of self-employment. Thus, the administrative construction advances the purpose of regulations 656.20."

## VI. *THE DIVISION OF AUTHORITY*

Although the decision to grant or withhold labor certification is reserved to the Secretary of Labor and his designees, the authority to invalidate labor certifications is vested by Department of Labor regulation solely in the Department of State and this Service. Further, the case law relating to the division of authority between the Department of Labor and this Service has advanced considerably beyond its condition at the time when the citations utilized by the petitioner were rendered. For example, examination of a beneficiary's qualifications, though not beyond the scope of authority of the Department of Labor, is normal and properly conducted by this Service. *Madany v. Smith*, 696 F.2d 1008 (D.C. Cir. 1983); *Stewart Infra-Red Commissary of Massachusetts, Inc. v. Coomey*, 661 F.2d 1 (1st Cir. 1981). For current construction of related issues see, *e.g., K.R.K. Irvine, Inc. v. Landon*, 699 F.2d 1006 (9th Cir. 1983); *Joseph v. Landon*, 679 F.2d 113 (7th Cir. 1982); *Ubeda v. Palmer*, 539 F. Supp. 647 (N.D. Ill. 1982).

## VII. *CONCLUSION*

Based on the facts and the weight of authority, and after consultation with the Department of Labor as to this matter, we will reaffirm our previous order.

**ORDER:** Our order of June 18, 1984, is hereby affirmed. The petition remains denied.