Kazimierz Stanislaw BAL, Plaintiff,

v.

A.D. MOYER, District Director of United States Department of Justice, Immigration and Naturalization Service, Chicago, Illinois, Defendant.

No. 88 C 7117.

United States District Court,
N.D. Illinois, E.D.

Dec. 12, 1988.

Derek A. Gilna, Park Ridge, Ill., for plaintiff.

Anton R. Valukus, U.S. Atty., James G. Hoofnagle, Jr., Sp. Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Kazimierz Stanislaw Bal ("Bal") has instituted this habeas corpus proceeding pursuant to 8 U.S.C. § 1105a(a)(9),[1] seeking review of the denial by INS District Director A.D. Moyer ("Moyer") of Bal's application for a stay of deportation. Moyer now moves to dismiss Bal's Petition. For the reasons stated in this memorandum opinion and order, the motion (treated as the equivalent of a summary judgment motion under Fed.R.Civ.P. ("Rule") 56[2]) is granted.

---

**1.** Further citations to Title 8 provisions will simply take the form "Section—."

**2.** Though Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") permits those rules to be applied in any other habeas corpus proceedings (which would include this case), it would seem more appropriate to treat the motion as though it were brought under Rule 56 (which, like the other Federal Rules of Civil Procedure, may be brought into play under Section 2254 Rule 11):

**1.** Both sides have tendered supporting exhibits for this Court's review, and it is clear those materials should be considered on the current motion. If Moyer's motion were one attacking the legal sufficiency of Bal's Petition, the last sentence of Rule 12(b) would call for conversion of Moyer's motion to dismiss into a Rule 56 motion.

**2.** No evidentiary hearing is required, as Section 2254 Rule 8(a) would permit. Given the undisputed facts submitted to this Court, Rule 56 principles give Bal the most favorable treatment he could reasonably expect (see n. 3).

*Facts* [3]

Bal, a Polish citizen now 26 years old, entered the United States on a tourist visa September 9, 1986. He was authorized to remain here for a year, but he made no effort to leave after the expiration of his visa. On September 21, 1987 he was served with an order to show cause (pursuant to Section 1251(a)(2)) and charged with deportability for remaining in the United States longer than permitted.

On December 7, 1987 a hearing on the show-cause order was held before an immigration judge. At that time Bal filed a "Request for Asylum in the United States." Though that request was denied, the immigration judge gave Bal until July 20, 1988 to depart the country voluntarily (failure to do so would convert the judge's order into an order of deportation). Bal did not appeal that decision, and it became administratively final January 30, 1988.

Bal did not depart on July 20. On August 1 he received an order to surrender himself for deportation on August 11. On August 4 he requested an extension of his voluntary departure date to allow for further medical examinations, but that request was denied (Moyer Mem. Ex. 4).

Bal then filed an application for a stay of deportation on August 5, stating he wanted to continue medical treatment for his claimed heart condition (Moyer Mem. Ex. 3). When he appeared for deportation on August 11, his application for a stay was denied orally and he was taken into custody.

Bal's counsel then filed an emergency petition for a writ of habeas corpus. On August 17 this Court ordered Bal released without bond, subject to the condition that he report telephonically to INS' deportation branch twice weekly pending the outcome of this action. On August 26 Moyer provided Bal with a written explanation of Moyer's denial of the request for a stay.

*Standard of Review*

Bal and his counsel acknowledge that the only issue before this Court is whether Moyer abused his discretion in denying Bal's application for a stay of deportation (Bal Mem. 2). Grants and denials of such stays are provided for in 8 C.F.R. § 243.4:

> The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate. Written notice of the disposition of the alien's request shall be served upon him and any notice of denial shall include specific reasons therefor; however neither the making of a request nor the failure to receive notice of disposition of the request shall relieve the alien from strict compliance with any outstanding notice to surrender for deportation. . . .

To be sure, this Court has jurisdiction to review Moyer's denial of such a stay (*Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968)). But any such review must recognize that all such stays "are matters of grace and not of right and will not be set aside by the courts, absent a clear showing of abuse of discretion" (*Kladis v. INS,* 343 F.2d 513, 515 (7th Cir.1965)).

■ On that score, Bal Mem. 4 and Moyer Mem. 4 concur that the proper standard is articulated in *Joseph v. Landon,* 679 F.2d 113, 116 (7th Cir.1982) (per curiam), quoting *Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir.1971):

> The abuse of discretion may be found "only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law."

More recently, however, our Court of Appeals has examined the "abuse of discretion" concept in an immigration context (albeit not the same as the present one) and

---

**3.** Familiar Rule 56 principles impose on the movant the burden of establishing the lack of a genuine issue of material fact (*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). For that purpose this Court draws all "reasonable inferences, not every conceivable inference" in the light

most favorable to the nonmovant—in this case Bal (*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987)). However, no outcome-determinative facts are in dispute here, nor is any inference drawing required.

framed the test somewhat differently. *Achacoso–Sanchez v. INS*, 779 F.2d 1260, 1264 (7th Cir.1985) (citation omitted) said this about "abuse of discretion" in reviewing the Board of Immigration Appeals' denial of an alien's request for the adjustment of her status:

> "Abuse of discretion" is a phrase with many meanings.... This circuit has never defined the meaning of this standard as it applies to immigration cases, and it is time to do so.

*Achacoso–Sanchez, id.* at 1265 (brackets in original) went on to hold:

> The First and Sixth Circuits use the following standard of review: "The denial [of a motion to reopen] will be upheld unless it 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Williams v. INS*, 773 F.2d 8, 9 (1st Cir.1985), quoting from *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir.1982). We adopt this as the law of this circuit.

Granted, *Achacoso–Sanchez* did not involve a stay of deportation (as is present in this case). But the court did say it was defining abuse of discretion "as it applies to immigration cases"—without any limitation as to species within that genus. Moreover, *Joseph v. Landon* had also dealt with "abuse of discretion" in an immigration context other than a stay of deportation. This opinion will therefore treat with the *Achacoso–Sanchez* standard.[4]

### Application of the Standard to Bal

This is an easy case in *Achacoso–Sanchez* terms. Because there is no contention that the third (invidious discrimination) alternative is implicated, only the first two call for any discussion.

---

**4.** Two added points are worth making in this regard:

> 1. This Court's former colleague, now-retired Judge Bernard Decker—writing two years before *Achacoso–Sanchez*—employed the selfsame test in reviewing a stay of deportation proceeding (*Bueno v. INS*, 578 F.Supp. 22, 25 (N.D.Ill.1983)).

■ As for the first criterion, Moyer clearly included a rational explanation in his decision. Moyer's written statement of reasons tells us (Moyer Mem. Ex. 4):

1. Bal requested a stay because he was "still undergoing evaluation and treatment for a heart condition."

2. Moyer examined all medical reports submitted, but no evidence indicated that Bal:

> (a) would be unable to obtain any required medical examinations in Poland or
>
> (b) was receiving special medical treatment not available in Poland or
>
> (c) was suffering from any particular malady that would preclude him from traveling.

3. On Bal's application for asylum, in response to Question 26 ("Why did you obtain a U.S. visa?"), he answered:

> The reason I told the authorities was to obtain Medical Treatment being paid for by relative—Aleksandra Liszka; The real reason was to escape political persecution.

4. Bal had never previously mentioned a heart condition, but had instead asserted he had high blood pressure.[5]

5. Bal had abused his privilege of voluntary departure.

Those factors provide more than a rational explanation for Moyer's decision. Moyer reviewed all the medical reports submitted to him. While he did not expressly say so, the obvious inference is that he did not believe Bal's story of a heart condition (and any such disbelief would plainly be rational). But even were that not the case, the clinching factor is that no evidence indicated that treatment for either of Bal's claimed maladies was not available in Poland or that Bal could not travel. *Bueno*, 578 F.Supp. at 25 (emphasis in original) said in a like context:

> 2. No different conclusion would flow from application of the *Joseph* criteria in any event.

**5.** That much was certainly true, but it does not support a stay of deportation in light of the factors stated in text paragraph 2 as to the medical reports submitted to Moyer.

The requirement that a claim of extreme medical hardship be established by firm evidence that necessary medical care is unavailable (at any price) in the *country* (not the region) to which the alien is being deported is well established at INS.

■ As if that congeries of factors were not enough, Moyer would be justified in denying the stay simply because Bal has abused his right of voluntary departure. *Achacoso–Sanchez,* 779 F.2d at 1266 (adapted to this case) has said:

> [Moyer] is entitled to take a dim view of asking for voluntary departure and then not departing; [he] is entitled to look askance on aliens who ignore valid orders of deportation, wait for the INS to arrive at their doorsteps, and then file specious judicial actions that have no purpose other than to obtain stays of deportation.

So much, then, for the first standard identified in the earlier quotation from *Achacoso–Sanchez, id.* at 1265. And Bal fares no better on the second. On that score Bal Mem. 4 asserts:

> Clearly, the INS has failed to follow their [sic] own guidelines....

But that is simply wrong, as the earlier discussion indicates. Indeed, Bal makes no attempt to identify which guidelines were supposedly violated. And if all he is arguing is that Moyer erred in application of the relevant rules to the facts here, Bal misses the point of *Achacoso–Sanchez'* second criterion (*id.* at 1266, emphasis in original):

> An "unexplained departure" is a sudden change in the *rules* ... use[d] to decide cases, not a claim of error in a particular case.

### Conclusion

There is no genuine issue of material fact, and Moyer is entitled to a judgment as a matter of law. Bal's Petition and this action are dismissed.