Kazimierz S. BAL, Petitioner–Appellant,

v.

A.D. MOYER, of United States Department of Justice, Immigration and Naturalization Service, Chicago, Illinois, Respondent–Appellee.

No. 88–3415.

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1989.

Decided July 19, 1989.*

Rehearing Denied Aug. 18, 1989.

---

\* This appeal was originally decided by unreported order on July 19, 1989. See Circuit Rule 53.

The Court has subsequently decided to issue the decision as an opinion.

46

Derek A. Gilna, Park Ridge, Ill., for Kazimierz S. Bal.

James G. Hoofnagle, Jr., Asst. U.S. Atty., Chicago, Ill., for A.D. Moyer, of U.S. Dept. of Justice, I.N.S., Chicago, Ill.

Before CUDAHY, MANION and KANNE, Circuit Judges.

PER CURIAM.

Kazimierz Stanislaw Bal, a Polish national, appeals the district court's denial of his petition for writ of habeas corpus against the Immigration and Naturalization Service (INS) and one of its district directors, A.D. Moyer, pursuant to 8 U.S.C. § 1105a(a)9. The district court reviewed Bal's petition, concluded that the director had not abused his discretion in denying Bal's request for a stay of deportation based on medical hardship, and granted summary judgment to the district director. *Bal v. Moyer, District Director, INS,* 702 F.Supp. 204 (N.D. Ill.1988). Bal raises only two issues on appeal.

First, Bal argues that the district court applied an improper standard of review in determining whether the district director abused his discretion. Although the parties had agreed that the applicable standard of review was set forth in *Joseph v. Landon,* 679 F.2d 113, 116 (7th Cir.1982) (abuse of discretion may be found only if there is no evidence to support the director's decision or if the decision is based on an improper understanding of the law), the district court invoked *Achacoso–Sanchez v. INS,* 779 F.2d 1260 (7th Cir.1985), in which we stated the applicable standard of review in a challenge to a decision not to reopen a deportation proceeding: The decision must be upheld unless it "was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* at 1265 (quoting *Williams v. INS,* 773 F.2d 8, 9 (1st Cir. 1985)).[1] Bal claims that *Achacoso–Sanchez* was inapplicable since that case did not involve a denial of a request to stay deportation.

Significantly, Bal does not claim that he was prejudiced by the district court's application of the standard articulated in *Achacoso–Sanchez,* nor does he argue that had the district court applied instead the standard of review from *Joseph* he would have prevailed. (The district court specifically noted that even had it applied this alternative standard of review it would have upheld the director's decision. *See* 702 F.Supp. at 206 n. 4.) Bal merely suggests that the district court applied an improper standard of review and that the appropriate standard of review of a denial of a stay of deportation has never been addressed by this circuit. Not true.

In *Bothyo v. Moyer,* 772 F.2d 353 (7th Cir.1985), we reviewed a director's denial of a request for a stay of deportation. We held that the director's decision must be upheld unless it was an abuse of discretion, which we defined, as we did in *Joseph,* as a decision with no evidence to support it or

---

1. This standard can be traced to *Wong Wing*    *Hang v. INS,* 360 F.2d 715, 719 (2d Cir.1966).

as a decision based on an improper understanding of the law. 772 F.2d at 355. Thus, we have clearly discussed, in the context of a stay of deportation, the appropriate standard of review. We need now only determine whether the district court in this instance should have applied this formulation of the abuse of discretion standard or the formulation stated in *Achacoso–Sanchez*, decided a few months after *Bothyo*, and whether there is any practical difference in these standards.[2]

Once an order of deportation is entered, an alien may seek merciful treatment under a congeries of motions directed to the Attorney General or his delegates who are vested with the authority to administer and enforce the immigration laws. For example, an alien may seek to reopen the deportation proceedings, *see* 8 U.S.C. § 1252(b), to suspend deportation and adjust the alien's status, *see* 8 U.S.C. § 1254(a), to depart voluntarily, *see* 8 U.S.C. § 1254(e), or to stay the deportation order for a limited time, *see* 8 C.F.R. § 243.4. While some of these motions are consistent with the deportation order and others are not (*See Cheng Fan Kwok v. INS*, 392 U.S. 206, 213, 88 S.Ct. 1970, 1974–1975, 20 L.Ed.2d 1037 (1968) (a petition to reopen is itself an attack on the deportation order while a request for a stay of the deportation order seeks relief not inconsistent with the order)), all are addressed to the discretion of the Attorney General or his delegates. We therefore must review the denial of discretionary relief in this area under an abuse of discretion standard.

In *Achacoso–Sanchez* we sought to define the meaning of this standard as it applied to immigration cases. This task required reference to the purpose and scope of the discretion being exercised. Although this analysis was made within the context of the denial of a motion to reopen deportation proceedings, the formula which we adopted as the law in this circuit in testing for an abuse of discretion applies equally to appeals from other denials of discretionary relief. If this was not made clear by our language in *Achacoso–Sanchez*, no reason for doubt exists given our subsequent application of this formula in these other contexts. *See, e.g., Hernandez–Patino v. INS*, 831 F.2d 750 (7th Cir. 1987) (application of formula in denial of application to suspend deportation); *Patel v. INS*, 811 F.2d 377 (7th Cir.1987) (application of formula in denial of application for adjustment of status).[3]

■ Since the adoption of this formula in *Achacoso–Sanchez* this test has been the controlling standard of review, and the district court here did not err in applying it rather than the standard set forth in *Bothyo* or *Joseph*. Even had the district court rested its decision for denying Bal's habeas petition on a finding of no abuse of discretion under the alternative standard, we think that Bal would have no basis for complaint. We interpret these two standards as mere variations on the same classical theme; if any difference exists in the inquiries under each, the *Achacoso–Sanchez* standard strikes us as the more searching of the two. In addition to requiring that the decision be supported by some evidence (a dictate common to both), the *Achacoso–Sanchez* standard demands that the reasons supplied for the decision may not be based on an impermissible animus nor be an inexplicable departure from past practice.

■ Second, Bal contends that the district court improperly granted summary judgment in the face of disputed medical evidence regarding Bal's alleged heart ailment. Bal claims that, because he disputed the INS's version of the facts and the district director's conclusion, the district court

---

2. Our treatment of this issue hopefully will assist the district courts in this circuit which, since the decision of *Bothyo* and *Achacoso–Sanchez*, have not agreed on which standard to apply. *Compare Ajurulloski v. INS*, 688 F.Supp. 1272 (N.D.Ill.1988) (applying *Bothyo* ) *with Bal v. Moyer, District Director, INS*, 702 F.Supp. 204 (N.D.Ill.1988) (applying *Achacoso–Sanchez* ).

3. In *Patel*, we adopted a further requirement in reviewing the factual findings which underlie the exercise of discretion: the factual findings must be supported by substantial evidence. 811 F.2d at 382 n. 11 (citing *Wing Ding Chan v. INS*, 631 F.2d 978, 980–81 (D.C.Cir.1980)).

was precluded from granting summary judgment. Bal misperceives the task of the district court in this instance. As stated earlier, the district court's duty was to review the director's decision for a rational explanation. The court was not empowered to weigh the evidence or to find error merely because Bal disputed the INS's statement that Bal did not have any documented medical ailment. On a review of the director's exercise of discretion, an underlying factual dispute between the parties does not preclude the grant of summary judgment on a habeas petition if it appears that the director rationally explained his reason for resolving the factual dispute against one party and the decision was supported by substantial evidence. *See, e.g., Patel,* 811 F.2d at 382. The district court concluded that the director's decision was rational and had substantial evidentiary support; we find no error in this conclusion.

Accordingly, the decision of the district court is

AFFIRMED.