911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patana GUVANASEN, Plaintiff-Appellant,
v.
A.D. MOYER, District Director, and Immigration and
Naturalization Service, Defendants-Appellees.
 No. 90-1482.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 8, 1990.
Decided Aug. 14, 1990.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Ananda Inc. filed a petition for a permanent visa with the Immigration and Naturalization Service (INS) on behalf of Patana Guvanasen pursuant to 8 U.S.C. Sec. 1153(a)(6), called a sixth preference visa. The district director denied the visa, and that decision was affirmed on appeal to the Administrative Appeals Unit (AAU). Three subsequent motions to reopen or for reconsideration were also denied by the AAU. Guvanasen then filed a complaint in the district court challenging the denial of the visa. The district court granted summary judgment in favor of the INS, which Guvanasen appeals at this time.
 
 
 2
 A sixth preference visa provides permanent status for immigrants who are capable of performing specific jobs for which a shortage of employable and willing persons exists in the United States. 8 U.S.C. Sec. 1153(a)(6). As is required by statute, Ananda Inc. (petitioner) filed the visa petition on behalf of Guvanasen to fill its position as restaurant manager, and the Secretary of Labor certified that a shortage of United States citizens existed for that position. The difficulty with this visa petition came when the INS attempted to verify that Guvanasen had one year of training and one year of experience as a restaurant manager, as was required for her to qualify for the position.
 
 
 3
 In support of the application for the visa, petitioner offered a written statement by Guvanasen that she worked at Kid Thung restaurant from January, 1966 until December, 1967. In addition, petitioner included a letter from Mrs. Sirivan Guvanasen, Guvanasen's aunt and the ex-owner of the restaurant, which verified the dates of employment. The INS investigation of the petition revealed that the Kid Thung restaurant was not registered until May 20, 1970, and thus did not exist during the time at which Guvanasen claimed to work there. In addition, the investigation revealed that her family was from a very high social status, and that according to Thai custom and tradition, she would not be allowed by her family to be a cook of any kind, although she could be the owner or manager of a restaurant. Finally, the investigator noted that Guvanasen was a university instructor from 1959-1983, including the time that she claimed to work at the restaurant.
 
 
 4
 Petitioner responded by offering different dates of employment, and by explaining that she was allowed to work at the restaurant because it was owned by her aunt and the hours were flexible. Guvanasen's aunt verified the new dates and declared that all business records had been destroyed. The district director denied the petition based upon the contradictory employment dates and Guvanasen's position as a university professor, and the AAU affirmed that decision. In three subsequent motions to reopen or for reconsideration, petitioner offered further statements by Guvanasen's aunt, virtually-identical letters from Guvanasen's sister and first cousin, and affidavits from a bank official and a neighbor attesting to Guvanasen's employment at the restaurant, although many of those affidavits did not specify dates of employment. The AAU affirmed its decision dismissing the appeal, noting that no substantive or concrete documented proof was offered. The district court reviewed the denial of the visa petition, and granted summary judgment for the INS.
 
 
 5
 This court must affirm the decision on appeal absent an abuse of discretion, which may be found only if the decision "was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." [citations omitted] Bal v. Moyer, 883 F.2d 45, 46 (7th Cir.1989). Guvanasen argues that this standard is met because the INS failed to follow its own regulations and because the evidence offered by petitioner was sufficient to prove Guvanasen's work experience. The facts show that the INS did not ignore its own regulations. The regulations describe the type of evidence relevant to the visa determination, but do not require the reviewing official to find all affidavits credible. Moreover, many of the affidavits offered did not even meet the requirements of the regulation, because they did not state the dates of employment, the duties performed by Guvanasen, or the supervision received by her. See 8 CFR Sec. 204.2.
 
 
 6
 Guvanasen's second argument fails as well. As Guvanasen later admitted,[1] the original statements offered in support of the visa petition were incorrect. The INS did not act irrationally in questioning the veracity of later representations by the same affiants (Guvanasen herself and her aunt). Guvanasen presented no records to support those later statements. Furthermore, the other affidavits presented to support the statements were by other relatives and/or did not contain specific dates and hours during which Guvanasen allegedly worked at Kid Thung restaurant. Those factors alone provided a rational basis upon which the court could conclude that the petitioner had failed to meet the burden of proof. See Joseph v. Landon, 679 F.2d 113 (7th Cir.1982) (burden on petitioner to refute inconsistencies and fraudulent statements); Full Gospel Portland Church v. Thornburgh, 730 F.Supp. 441, 445 (D.D.C.1988).
 
 
 7
 Clearly this case does not present any abuse of discretion. Relying in the factors previously noted, we AFFIRM the decision of the district court.
 
 
 
 [1]
 Guvanasen appears to assert at one point that the INS should never have conducted the investigation that revealed the incorrect statements; however, 8 U.S.C. Sec. 1154(b) declares that "[a]fter an investigation of the facts in each case, ... the Attorney General shall, if he determines that the facts stated in the petition are true, ... approve the petition...." The Attorney General has delegated that investigatory authority to the INS. See 8 CFR Sec. 2.1