937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Chen Jean YANG, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-9557.
 United States Court of Appeals, Tenth Circuit.
 July 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1986, an immigration judge granted petitioner Chen Jean Yang voluntary departure after finding him deportable for having entered the United States with an immigrant visa procured by a fraudulent marriage. Admin.Rec. at 100-13. Petitioner appealed that decision. Following his second marriage to a United States citizen and the birth of a child from that marriage, petitioner filed a motion to reopen and remand. Resolving the motion and appeal together, the Board of Immigration Appeals (BIA) determined that petitioner was deportable because he entered the United States with an immigrant visa procured by a fraudulent marriage, see 8 U.S.C. Sec. 1251(a)(1)(G), and denied his request for remand to the immigration judge to apply for adjustment of status and suspension of deportation. Admin.Rec. at 23-36. Petitioner now seeks review of this decision.
 
 
 3
 Our review of the deportability decision is limited to a determination whether the BIA, in exercising its delegated authority,[1] abused its discretion in determining that petitioner's first marriage was primarily intended to be a sham. See Bal v. Moyer, 883 F.2d 45, 46-47 (7th Cir.1989). Petitioner's arguments on appeal essentially urge us to view the evidence in his favor in making this determination. We cannot do this. This court cannot disagree with the BIA's findings of fact, or substitute its judgment for that of the BIA, unless we determine that the BIA's decision is not supported by substantial evidence. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986). After reviewing the record as a whole, we conclude that the BIA's decision that petitioner is deportable is supported by substantial evidence and is not an abuse of its discretion.
 
 
 4
 This court also reviews the BIA's denial of petitioner's motion for remand to apply for status adjustment and suspension of deportation under an abuse of discretion standard; however, the Attorney General's discretion in this area is "unfettered" and our review is, therefore, "exceedingly narrow." Hernandez-Cordero v. INS, 819 F.2d 558, 560 (5th Cir.1987). The BIA denied petitioner's motion because petitioner had failed to establish the prima facie elements of eligibility for suspension, and, alternatively, in the exercise of its discretion. Admin.Rec. at 36.
 
 
 5
 Petitioner has the burden to establish "both statutory eligibility and equities meriting favorable exercise" of the Attorney General's discretion. Hernandez-Patino, 831 F.2d at 752. Petitioner did not meet his burden in establishing equities such that we can say the BIA abused its discretion in denying his motion for remand. When the BIA has denied relief as a matter of discretion, we need not address petitioner's statutory eligibility for discretionary suspension of deportation. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985).
 
 
 6
 The petition for review is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Attorney General of the United States delegated his congressionally authorized authority and discretion to suspend deportation to immigration judges, whose decisions are reviewed by the BIA. Hernandez-Patino v. INS, 831 F.2d 750, 752 (7th Cir.1987)