940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Juan M. CARDENAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-3251.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1991.
Decided Aug. 12, 1991.
 
 Before CUDAHY and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from a final order of deportation entered by the Board of Immigration Appeals ("BIA"). We have jurisdiction under 8 U.S.C. Sec. 1105a. The Petitioner, Juan M. Cardenas ("Cardenas"), a native and citizen of Mexico, has been a legal resident of the United States since he was two years old. In 1988, he was convicted in Illinois of possession of heroin. Because of his conviction, the Immigration and Naturalization Service ("INS") charged him with deportability under 8 U.S.C. Sec. 1251(a)(11) (deportation for conviction of controlled substance offenses). The Immigration Judge found Cardenas to be deportable and continued the deportation hearing so that Cardenas could apply for a waiver of deportation under 8 U.S.C. Sec. 1182(c) and 8 C.F.R. Secs. 212.3(d) and 3.1(b)(3) (allowing the BIA to waive deportation at its discretion). At the later hearing, the Immigration Judge denied Cardenas' request for waiver and ordered him deported. The BIA agreed that Cardenas was not entitled to a waiver and dismissed his appeal. We must decide whether the Immigration Judge abused his discretion by denying a request for continuance so that Cardenas could have counsel present at his deportation hearing and whether the BIA abused its discretion in denying Cardenas' request for waiver of deportation. We affirm.
 
 
 2
 Both statute and regulation provided Cardenas the privilege of having counsel present at his deportation proceeding. See 8 U.S.C. Secs. 1252(b) and 1362; 8 C.F.R. Secs. 3.15(b), 242.10, 242.16(a) and 292.5(b). The regulations also provide that a deportation hearing may be continued "for good cause." 8 C.F.R. Sec. 242.13. Cardenas claims that the absence of his attorney established good cause for granting a continuance and argues that the Immigration Judge abused his discretion in denying his request. In Castaneda-Delgado v. Immigration and Naturalization Service, 525 F.2d 1295 (7th Cir.1975), this Court held that an Immigration Judge can sometimes abuse his discretion by his denial of a request for a continuance that, in effect, denies the petitioner's privilege of counsel. In Castaneda-Delgado, the petitioners, who did not understand English and who had been in the area for a very short time, were granted a two-day continuance from their initial hearing so that they could obtain an attorney. When the hearing recommenced two days later, the petitioners requested another continuance because the attorney they had hired was unable to attend. The Immigration Judge acted as if the regulations forbade him from granting another continuance for the purpose of obtaining counsel and went ahead with the hearing. Our Court held the denial of the request for a continuance represented a egregious abuse of discretion. Id. at 1302.
 
 
 3
 Castaneda-Delgado represents an extreme set of facts, and the case before us is far from extreme. Here, the initial deportation hearing was held May 11, 1989. Prior to that hearing, Cardenas was given written information about free legal services. At the May 11 hearing, the Immigration Judge informed Cardenas of his statutory privilege of counsel, provided him with a list of attorneys who represented aliens at no cost, and continued the hearing. The hearing was reconvened on September 8, 1989. The Immigration Judge found Cardenas to be deportable, informed him of the possibility of a waiver of deportation, and continued the hearing for a second time until November 16, 1989. Late in the afternoon on November 15, six months after the initial hearing, Cardenas' counsel filed an appearance and moved for a continuance. The Immigration Judge informed the attorney that he was inclined to proceed with the hearing as scheduled and that the attorney should be present. Notwithstanding the warning, Cardenas appeared without counsel. At the conclusion of the hearing, the Immigration Judge denied the waiver of deportation request. This case differs from Castaneda-Delgado on several critical points. Cardenas was given six months to obtain counsel as opposed to the two days provided in Castaneda-Delgado. Cardenas has been in the country nearly all of his life and has extensive ties to the local community. In Castaneda-Delgado, the petitioners had been in the area for a very short time and could only converse in Spanish. Id. at 1296, 1299. Most importantly, the Immigration Judge in Castaneda-Delgado acted as if he was without authority to grant the continuance. Id. at 1299. The Immigration Judge in our case was well aware he possessed the authority. The Immigration Judge did not abuse his discretion in denying Cardenas' request for a third continuance.
 
 
 4
 The BIA likewise did not abuse its discretion in denying Cardenas' request for a waiver of deportation. The BIA has the discretion to waive deportation of aliens who have resided in this country continuously for at least seven years. See 8 U.S.C. Sec. 1182(c); 8 C.F.R. Secs. 212.3(d) and 3.1(b)(3). A denial of a waiver under Sec. 1182 will be reviewed only for abuse of discretion. See Bal v. Moyer, 883 F.2d 45, 47 (7th Cir.1989); Achacoso-Sanchez, v. Immigration and Naturalization Service, 779 F.2d 1260, 1264 (7th Cir.1985). "The denial ... will be upheld unless it 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.' " Id. at 1265 (citation omitted). We also require that the BIA's factual findings be supported by the evidence. Bal, 883 F.2d at 47 and n. 2. The BIA denied Cardenas' request because he had been convicted of a serious drug offense and had admitted to regular heroin use, yet he had failed to enter drug rehabilitation programs that were available to him while incarcerated. The finding of no rehabilitation is supported by the evidence and the BIA does not abuse its discretion when it denies relief on this basis. The order of the BIA is AFFIRMED.
 
 CUDAHY, Circuit Judge, dissenting:
 
 5
 I respectfully dissent. Unlike Castaneda-Delgado, Cardenas was incarcerated at Statesville during all of the proceedings before the Immigration Judge. The two attorneys, to whom Cardenas was referred, who represented prisoners in immigration matters, were unavailable. See 8 U.S.C. Sec. 1252b(b)(2). The issue of rehabilitation was particularly difficult to prove while in prison. Therefore, representation by counsel was of crucial importance. Particularly significant is the fact that Cardenas did obtain counsel, albeit at the eleventh hour, who filed an appearance and a motion for continuance on Cardenas' behalf. There was no indication that counsel's failure to appear was motivated by bad faith or done to delay an inevitable order of deportation. "There is no suggestion here that there was any pressure of time or that it was not practicable to allow additional time under these circumstances." Castaneda-Delgado, 525 F.2d 1295, 1299 (7th Cir.1975). Once counsel was obtained, Cardenas should have been afforded "the privilege of being represented ... by such counsel." 8 U.S.C. Secs. 1252(b)(2) and 1362.